NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

04-3438

TIMOTHY P. HUGHES,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

DECIDED: August 8, 2005

Before SCHALL, Circuit Judge, ARCHER, and PLAGER, Senior Circuit Judges.

SCHALL, Circuit Judge.

## DECISION

Timothy P. Hughes petitions for review of the final decision of the Merit Systems Protection Board ("Board") that dismissed, for lack of jurisdiction, his appeal of his removal from the position of air marshal with the Transportation Security Administration ("TSA") of the Department of Homeland Security ("agency"). Hughes v. Dep't of Homeland Sec., No. DC-3443-03-0683-I-1 (M.S.P.B. Aug. 27, 2004) ("Final Decision"). We reverse and remand.

DISCUSSION

I.

Effective May 19, 2002, Mr. Hughes was appointed to the position of Civil Aviation Security Specialist, FV-1801-G ("air marshal"), with TSA. The standard form 50 documenting the appointment shows that Mr. Hughes was a non-preference eligible and that his position was in the excepted service. Prior to his appointment as an air marshal, and with no break in federal service, Mr. Hughes worked for the Secret Service as a Uniformed Division Officer, LE-0083 ("Secret Service position").

Effective June 27, 2003, the agency removed Mr. Hughes for alleged unauthorized use of his government-issued cellular telephone, and for allegedly providing false information in a subsequent investigation of the matter.

II.

Mr. Hughes appealed to the Board, contending that his removal was unjustified. To have the right to appeal a removal action, a non-preference eligible employee in the excepted service must establish that he is not serving "a probationary or trial period under an initial appointment pending conversion to the competitive service" or that he "has completed 2 years of current continuous service in the same or similar positions in an Executive agency under other than a temporary appointment limited to 2 years or less[.]" 5 U.S.C. § 7511(a)(1)(C)(ii). Mr. Hughes argued that he came within the scope of section 7511 by reason of his previous employment as a Secret Service officer. He contended that his prior Secret Service position was "similar" to the air marshal position within the meaning of section 7511(a)(1)(C)(ii).

Mr. Hughes submitted a declaration to the Board. In it, he averred, among other things, that (i) his certification of completion of federal law enforcement training was accepted by TSA based upon his previous position as a Secret Service employee; (ii) the only additional training that he received for the air marshal position was one week in Atlantic City, two days of which were the "same firearms training course" that he had already received as a Secret Service officer; and (iii) in substance, the only additional skills that he received from this training came in "two days of training involving procedures on a aircraft," of which he received in the course the same weapons removal instruction that he had received as a Secret Service officer.

The administrative judge ("AJ") to whom the case was assigned issued an initial decision rejecting, without a hearing, Mr. Hughes' claim that he had the right to appeal his removal. Hughes v. Dep't of Homeland Sec., No. DC-3443-03-0683-I-1 (M.S.P.B. Sept. 16, 2003) ("Initial Decision"). The AJ noted that positions are "similar" if they involve related work that requires the same or similar skills. Id. at 3. In discerning what skills are required of an air marshal, the AJ looked to a vacancy announcement describing the air marshal position, as well as a news release generally describing an air marshal's skills and training. Id. at 4. Although the AJ found that "there are clearly similarities between the two positions," the AJ found the differences "significant." Id. at 6. First, the AJ determined that the Secret Service position was in the competitive service, while the air marshal position was an excepted service position. Second, the AJ found that specialized training purportedly required for the air marshal position was unique to that position and that "no other law enforcement training would be an

adequate substitute." Id. Based upon her analysis, the AJ dismissed Mr. Hughes' appeal for lack of jurisdiction.

The AJ's initial decision became the final decision of the Board on August 27, 2004, after the Board, in the Final Decision, denied Mr. Hughes' petition for review for failure to meet the criteria set forth at 5 C.F.R. § 1201.115(d). This appeal followed. We have jurisdiction over his appeal pursuant to 28 U.S.C. § 1295(a)(9).

III.

Our scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2004); Kewley v. Dep't of Health & Human Servs., 153 F.3d 1357, 1361 (Fed. Cir. 1998). The Board's dismissal of an appeal for lack of jurisdiction presents an issue of law that we review without deference. Bolton v. Merit Sys. Prot. Bd., 154 F.3d 1313, 1316 (Fed. Cir. 1998).

Mr. Hughes had the burden of establishing Board jurisdiction. McCormick v. Dep't of the Air Force, 307 F.3d 1339, 1340 (Fed. Cir. 2002) (citing 5 C.F.R. § 1201.56(a)(2)(i); Clark v. United States Postal Serv., 989 F.2d 1164, 1167 (Fed. Cir. 1993)). On appeal, he argues that, in view of the evidence he presented, the AJ erred in not affording him a hearing on the jurisdictional issue of whether the air marshal and Secret Service positions were similar.

IV.

"There is no statutory authority requiring the [Board] to hold a hearing on the threshold issue of jurisdiction." Manning v. Merit Systems Protection Bd., 742 F.2d 1424, 1427-28 (Fed. Cir. 1984). We have stated, however, that "cases may arise where the [Board] should hold an evidentiary hearing on jurisdiction. For example, it would be appropriate for the [Board] to honor a request for hearing where a petitioner's allegations raise non-frivolous issues of fact relating to jurisdiction which cannot be resolved simply on submissions of documentary evidence." Id. We think that this is such a case.

The AJ's two primary bases for concluding that the air marshal and Secret Service positions were dissimilar were (i) that the Secret Service position is in the competitive service, while the air marshal position is in the excepted service; and (ii) that the specialized training required of an air marshal makes that position "unique" among general law enforcement jobs.

Regarding the first basis for the AJ's conclusion, the record before us shows conflicting evidence as to whether Mr. Hughes' Secret Service position was in the excepted service or competitive service. Mr. Hughes' position description indicates that it was an excepted service position. However, Mr. Hughes' SF-50 terminating his employment with the Secret Service lists his position as in the competitive service. A hearing is appropriate to resolve this conflict in the evidence.

At the same time, the evidentiary record is also not clear as to whether the air marshal position involves unique specialized training, and thus a different skill set, than the Secret Service position. The AJ relied in part on a general news release describing

the skill requirements and extensive specialized training for the air marshal position. However, Mr. Hughes' declaration avers that, contrary to the news release—which obviously is not an official job description—the only substantive training he underwent, beyond that already required for his Secret Service position, was approximately two days of training in "how to get someone out of a seat or to use the aircraft seat for restraint." An evidentiary hearing is appropriate to resolve the issues surrounding the actual specialized training that Mr. Hughes received, so that the Board may properly determine whether the Secret Service and air marshal positions involve "related or comparable work that requires the same or similar skills." Mathis v. United States Postal Serv., 865 F.2d 232, 234 (Fed. Cir. 1988).

For the foregoing reasons, the final decision of the Board is reversed. The case is remanded to the Board for further proceedings consistent with this opinion.

Each party shall bear its own costs.