**Donald R. MANNING, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD,\* Respondent.**

No. 84–646.

United States Court of Appeals, Federal Circuit.

Sept. 10, 1984.

*Merit Systems Protection Board,* 725 F.2d 1368, 1372 (Fed.Cir.1984).

Larry L. Hines, Oxnard, Cal., for petitioner.

Richard K. Willard, Acting Asst. Atty. Gen., David M. Cohen, Director, Sandra P. Spooner, and Richard W. Oehler, Washington, D.C., for respondent.

Martha Klein, Washington, D.C., Department of the Navy, of counsel.

Before DAVIS, BALDWIN, and MILLER, Circuit Judges.

BALDWIN, Circuit Judge.

This appeal is from the decision of the Merit Systems Protection Board (MSPB) dismissing petitioner's appeal of his job reassignment for lack of jurisdiction. We affirm.

## Background

Effective January 10, 1982, Donald R. Manning, an employee of the Department of the Navy, was reassigned from his position as Recreation Business Manager (GS 12, step 6) to the position of Program Analyst (GS 12, step 6). The reason given for the reassignment was Manning's unsatisfactory performance in his management position.

Manning filed an appeal with the MSPB on October 25, 1982, claiming that the reassignment was an "adverse action."[1] Manning also asserted that he was forced to remain on leave and thus suffered a suspension, and that he received unsatisfactory performance ratings in retaliation for filing grievances complaining of harassment from his superiors.

In a November 19, 1982 letter to the MSPB, Manning's attorney characterized the reassignment issue as whether Manning suffered an adverse action "in the guise of a concerted course of action designed and motivated to force him to retire or resign." By order of December 3, 1982, the MSPB required Manning to file evidence and a response within fifteen days directed to, *inter alia*, the issue of jurisdiction. In a December 14, 1982 letter, Manning's attorney said that Manning had been involuntarily transferred because he had refused to retire. On January 6, 1983, the presiding official for the MSPB set a hearing date of January 21. The agency, in a January 7 response, argued that the MSPB was without jurisdiction because the actions complained of were not appealable adverse actions. Along with the response, the agency submitted documents including a copy of an application for leave signed by

---

1. Although the term "adverse action" is no longer used in the civil service statute's text, Chapter 75 of Title V, which contains provisions describing those actions subject to MSPB review, is entitled "Adverse Actions." *See Broadway v. Block*, 694 F.2d 979, 982 & n. 2 (5th Cir.1982).

Manning and a "grievance request" which show that Manning requested the annual leave. On January 14, the official cancelled the hearing, said that the jurisdictional issue could be decided without a hearing, and established a January 28 cutoff date for submitting evidence and argument. Manning submitted additional argument on the jurisdictional issue.

In a decision dated February 22, 1983, the presiding official held that: the MSPB did not have jurisdiction over the reassignment action, the record did not show that Manning was forced to remain on annual leave, and allegations of prohibited personnel practices do not, standing alone, confer jurisdiction on the MSPB. The presiding official also noted that a petitioner has a right to a hearing only in those actions over which the MSPB has jurisdiction. Manning petitioned for review of the initial decision. The petition was denied, and the initial decision became final. Manning then filed a petition for judicial review of the MSPB decision.

### Issues

1. Does the MSPB have jurisdiction to review a reassignment which did not involve a reduction in grade or pay?

**2.** The procedures described in § 7513 apply to actions defined in § 7512, i.e., removal, suspension for more than 14 days, reduction in grade, reduction in pay, and furlough of 30 days or less.

**3.** 5 C.F.R. § 1201.3(a) provides:

*Appellate jurisdiction generally.* The Board has appellate jurisdiction over cases specified in the Act where there have been prior actions within an agency. This includes certain decisions of the Office of Personnel Management relating to retirement and insurance benefits. This appellate jurisdiction includes:
(1) Removal or reduction-in-grade of competitive or preference eligible employees;
(2) Denial of within-grade step increases;
(3) Actions based upon removal, suspension for more than 14 days, reduction-in-grade or pay, or furlough for 30 days or less;
(4) Certain actions relating to the Senior Executive Service;
(5) Actions otherwise appealable to the Board involving an allegation of discrimination;
(6) Determinations relating to disability retirement, health insurance and annuities;

2. Does a petitioner have the right to a hearing before the MSPB on the threshold question of jurisdiction?

### OPINION

■ The MSPB has only that jurisdiction conferred on it by Congress. *Thomas v. United States,* 709 F.2d 48, 49 (Fed.Cir. 1983). According to statute, "[a]n employee ... may submit an appeal to the Merit Systems Protection Board from any action which is appealable to the Board under any law, rule, or regulation." 5 U.S.C. § 7701(a) (1982). Section 7513 of title 5 provides that an employee may appeal to the MSPB under section 7701 from certain adverse actions taken by the agency such as removal and reduction in grade or pay. 5 U.S.C. § 7513(d).[2] The MSPB's jurisdiction is further defined in 5 C.F.R. § 1201.-3(a) (1983).[3] *Thomas v. United States,* 709 F.2d at 49.

Manning contends that the MSPB has jurisdiction to review the agency's reassignment action even though the reassignment did not involve a reduction in pay or grade or otherwise come within the categories listed in 5 C.F.R. § 1201.3(a).[4] Manning presents several arguments.

(7) Actions involving reinstatement of preference eligibles; and
(8) Those actions for which jurisdiction may be properly granted by regulations of the Office of Personnel Management (OPM).

**4.** Manning argued before the MSPB that he suffered a reduction in pay because he lost premium pay as a result of the reassignment. He does not raise the issue here. We merely point out that "pay" for purposes of § 7512 means "the rate of basic pay fixed by law or administrative action for the position held by an employee." 5 U.S.C. § 7511(a)(4) (1982). The Federal Personnel Manual (FPM) states the relevant definitions:

*Rate of basic pay* means the rate of pay fixed by law or administrative action for the position held by an employee before any deductions and exclusive of additional pay of any kind.
*Premium pay* means additional pay authorized by subchapter V of chapter 55 of title V, United States Code, and this subpart for overtime, night, holiday, or Sunday work, and standby duty.

## I.

First, Manning argues that the MSPB has jurisdiction to set aside the reassignment because the reassignment was a camouflaged adverse action designed to force him to retire. Manning cites 5 U.S.C. § 7703(c) and 5 C.F.R. § 1201.115 in his jurisdictional argument, contending that these provisions should be construed to provide jurisdiction over the reassignment. His citation is misplaced. Section 7703(c) does not define MSPB jurisdiction at all but rather states this court's standard of review for MSPB decisions. Concerning the regulation, section 1201.115, we need only note that it describes the bases for which the MSPB may review the initial decision of its presiding official. Neither provision defines MSPB subject matter jurisdiction over agency actions.

■ Manning also cites *Fucik v. United States*, 655 F.2d 1089, 228 Ct.Cl. 379 (1981). In *Fucik*, the Court of Claims stated that a reassignment grounded on an improper motive is not an adverse action but is nevertheless unlawful, and that an improper motive is relevant in determining whether an agency's action is arbitrary, capricious, or an abuse of discretion. Based on these statements from *Fucik*, as well as on 5 U.S.C. §§ 7701 and 7703, Manning seems to argue that arbitrary agency actions are reviewable by this Court even if the MSPB lacks expressed statutory jurisdiction. We reject this argument. We need not repeat our earlier discussion of sections 7701 and 7703. Let it suffice to say that for cases brought under section 7701, the scope of the subject matter jurisdiction of this court is no broader than the scope of the jurisdiction of the MSPB. *See Rosano v. Department of the Navy*, 699 F.2d 1315, 1318 (Fed.Cir.1983). If the MSPB does not have jurisdiction, then neither do we, except to the extent that we always have the inherent power to determine our own jurisdiction, *C.R. Bard, Inc. v. Schwartz*, 716 F.2d 874, 877 (Fed.Cir.1983).

*Fucik* does not compel a different conclusion. In *Fucik*, the employee alleged that he had suffered two adverse actions: removal for failing to report to work at his reassigned position, and reduction in rank[5] as a result of the reassignment. Improper agency motive for the reassignment was raised as a defense to the removal action. Since the adverse action allegations were a clear basis for jurisdiction, the question of whether improper agency motive supplied an independent basis for jurisdiction was not in issue. Therefore, *Fucik* is inapposite.

■■ Manning, bearing the burden of proof on the issue of jurisdiction, 5 C.F.R. § 1201.56(a)(2), has failed to point to any statute or regulation granting the MSPB jurisdiction over allegations of an improperly motivated reassignment. As we concluded in *Thomas v. United States*, 709 F.2d 48 (Fed.Cir.1983), allegations of a reassignment without change in grade or pay do not provide a basis for MSPB jurisdiction.

## II.

Manning also urges that the MSPB's refusal to grant him a hearing on whether the Navy had forced him to remain on annual leave prevented him from introducing evidence on the issue, and was arbitrary and capricious. This issue is relevant because if Manning could show a suspension for more than 14 days, then the MSPB would have jurisdiction with respect to that action. *See* 5 C.F.R. § 1201.3(a)(3).

There is no statutory authority requiring the MSPB to hold a hearing on the threshold issue of jurisdiction. *See Rose v. Department of Health & Human Services*, 721 F.2d 355, 357 (Fed.Cir.1983). Section

---

FPM, chapter 550, section 1–2c(9) & (10). Thus, the rate of basic pay does not include premium pay.

**5.** Although reduction in rank was an adverse action prior to enactment of the Civil Service

Reform Act (CSRA) of 1978, *see* 655 F.2d at 1093, the CSRA eliminated the concept of reduction in rank as an adverse action, *see* 5 U.S.C. § 7512. *Fucik* was a pre-CSRA case. *See* 655 F.2d at 1091 n. 2.

7701(a) [6] does provide a right to a hearing on the merits, *see Crispin v. Department of Commerce,* 732 F.2d 919 (Fed.Cir.1984), but only after jurisdiction has been properly invoked. *Rose,* 721 F.2d at 357. Nevertheless, cases may arise where the MSPB should hold an evidentiary hearing on jurisdiction. For example, it would be appropriate for the MSPB to honor a request for hearing where a petitioner's allegations raise non-frivolous issues of fact relating to jurisdiction which cannot be resolved simply on submissions of documentary evidence.

This is not such a case. On December 3, 1982, the MSPB ordered Manning to file a response in support of jurisdiction. The board specifically stated that a hearing would be conducted on the issue of involuntariness if 1) Manning requested a hearing, and 2) his allegations raised non-frivolous issues of fact.[7] On January 7, the agency submitted documentary evidence showing that Manning had requested the leave to avoid losing 386 hours of accumulated "use or lose leave" time, that the agency had approved the request, and that Manning was forced to remain on leave, at most, for two days.[8] In a January 14, 1983 Order, the MSPB informed the parties that it would decide the jurisdictional issue without a hearing. The MSPB told Manning he could respond to the agency's submission by January 28, and that "the record in this case will close on January 28, 1983 and no further evidence or argument will be accepted from either party after that date."

Manning submitted no additional evidence. Nor did Manning record any objection to the presiding official's decision to cancel the hearing and determine the jurisdictional issue based on the written submissions of the parties.

 We conclude that the MSPB presiding official did not err in determining jurisdiction based on the parties' written submissions. We also agree that the unrebutted documentary evidence submitted by the agency conclusively shows that Manning's leave was not a "suspension for more than 14 days." Thus, we sustain the presiding official's conclusion that Manning's allegation of forced leave was not an appealable action.

### III.

Finally, Manning contends that the MSPB has jurisdiction to hear a First Amendment free speech claim in which he alleges he was given an unsatisfactory performance rating as a reprisal for filing a grievance against a Navy officer. Citing *Bush v. Lucas,* 462 U.S. 367, 103 S.Ct. 2404, 76 L.Ed.2d 648 (1983), Manning argues that there must be an administrative remedy for a violation of his constitutional rights. In *Bush,* the United States Supreme Court refused to create a judicial damages remedy for federal employees who suffer adverse personnel actions as a result of exercising their first amendment rights. The following excerpt gives the Court's rationale:

---

**6.** Section 7701(a) provides:
 An employee, or applicant for employment, may submit an appeal to the Merit Systems Protection Board from any action which is appealable to the Board under any law, rule, or regulation. An appellant shall have the right—
 (1) to a hearing for which a transcript will be kept; and
 (2) to be represented by an attorney or other representative.
 Appeals shall be processed in accordance with regulations prescribed by the Board.

**7.** Although the board at this point thought that Manning was alleging an involuntary resignation, it is clear from the board's order that an

allegation of involuntary leave was also covered.

**8.** Manning originally requested his leave time in a single block period. To accommodate scheduling requirements, Manning and the agency agreed to a revised leave schedule whereby Manning would break up the leave period with two work days. Thus, when Manning's superior told him to remain on leave, this meant that Manning was required to remain on leave for the two days that he was scheduled to work. Even assuming that this forced leave constituted a two day suspension, section 1201.3(a)(3) unambiguously requires a "suspension for more than 14 days." 5 C.F.R. § 1201.3(a)(3); *see also* 5 U.S.C. § 7512(2).

Because such claims arise out of an employment relationship that is governed by comprehensive procedural and substantive provisions giving meaningful remedies against the United States, we conclude that it would be inappropriate for us to supplement that regulatory scheme with a new judicial remedy.

103 S.Ct. at 2406. Manning relies on a statement by the Court that "[c]onstitutional challenges to agency action, such as the First Amendment claims raised by petitioner, are fully cognizable within this [regulatory] system." *Id.* at 2415.

█ Manning's argument misses the mark. The petitioner in *Bush* suffered an adverse action (demotion involving a reduction in grade and pay) over which the MSPB has jurisdiction. *See* 5 C.F.R. § 1201.3(a)(3); 5 U.S.C. § 7512(3)–(4). Undoubtedly, this avenue of review made his claim "fully cognizable" within the civil service system. Moreover, the Court noted that "[n]ot all personnel actions are covered by this system. For example, there are no provisions for appeal of either suspensions for 14 days or less ... or adverse actions against probationary employees ...." 103 S.Ct. at 2415 n. 28. Thus, we see no support in *Bush* for the contention that there must be an administrative remedy for every constitutional violation alleged by a federal employee. Nevertheless, we are not deciding that Manning had no administrative remedy,[9] we are simply saying that his remedial route was not by way of an appeal to the MSPB.

In *Rosano v. Department of the Navy,* 699 F.2d 1315 (Fed.Cir.1983), this court affirmed the MSPB's decision that it was without jurisdiction to consider a federal employee's First Amendment claim where the Navy's actions with respect to federal employee health benefits (FEHB) plans were not within any of the categories enumerated in 5 C.F.R. § 1201.3(a), nor were reviewable by the MSPB under any of the FEHB regulations. Nothing in *Bush* countermands the basic principle that MSPB jurisdiction extends only to those actions made appealable by law, rule, or regulation. *Thomas v. United States,* 709 F.2d at 49; *Rosano v. Department of the Navy,* 699 F.2d at 1318–20.

Manning has cited no law, rule, or regulation that would provide the MSPB with jurisdiction to review his reassignment. Therefore, the decision of the MSPB is *affirmed.*

AFFIRMED.

---

**9.** By statute, the Office of Special Counsel is to receive and investigate allegations of prohibited personnel practices. 5 U.S.C. § 1206(a)(1) (1982). A reassignment is "personnel action" which can constitute a prohibited personnel practice. 5 U.S.C. § 2302(a)(1), (a)(2)(A)(iv) (1982).