960 F.2d 155
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Albert J. ROTH, Jr., Petitioner,
v.
DEPARTMENT OF the NAVY, Respondent.
 No. 91-3378.
 United States Court of Appeals, Federal Circuit.
 March 9, 1992.
 
 Before RICH, Circuit Judge, BENNETT, Senior Circuit Judge, and PAULINE NEWMAN, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 Albert J. Roth, Jr. appeals from the April 3, 1991 Initial Decision of the Administrative Judge (AJ) in Docket No. SF122191WO369, denying corrective action with respect to Roth's alleged improper reassignment, which became the final decision of the Merit Systems Protection Board (MSPB) when it denied review on June 2, 1991. We affirm.
 
 DISCUSSION
 
 2
 Roth was reassigned from his position as an Organizational Development Coordinator in the Total Quality Management (TQM) Office of the Naval Aviation Depot at Alameda, California, to the position of Production Controller, also at Alameda. Roth's salary and grade level did not change as a result of the reassignment. Roth thereafter filed a complaint with the U.S. Office of Special Counsel (OSC), alleging that the reassignment was a reprisal for his alleged whistleblowing activity. After a preliminary inquiry, the OSC "found no facts evidencing any prohibited personnel practice or other violation within [its] investigative jurisdiction." Roth then sought corrective action from the MSPB by filing an individual right of action (IRA) appeal pursuant to 5 USC 1221(a) (Supp. I 1989). Following a hearing, at which Roth was not represented by counsel, the AJ denied Roth's request for corrective action. This appeal followed.
 
 
 3
 As the AJ correctly noted, in an IRA appeal of this nature an employee must demonstrate by preponderant evidence that a disclosure described in 5 USC 2302(b)(8) (i.e., a "protected disclosure") was a contributing factor in the personnel action taken against him. If the employee so demonstrates, the MSPB will order appropriate corrective action unless the agency demonstrates by clear and convincing evidence that it would have taken the same personnel action absent the protected disclosure. 5 USC 1221(e); 5 CFR 1209.7 (1991).
 
 
 4
 The AJ made no conclusive finding as to whether Roth's alleged "disclosures" in fact constituted protected disclosures under 5 USC 2302(b)(8). As the AJ did find, however, even assuming arguendo that Roth's "disclosures" amounted to protected conduct, Roth made absolutely no showing that the disclosures were a contributing factor in his reassignment. We see no reason to disturb the AJ's finding, which is amply supported by the evidence of record, especially the hearing transcript. In response to inquiries during the hearing from agency counsel concerning possible retaliation against Roth for whistleblowing, both Mr. Herman, TQM Coordinator and Roth's immediate supervisor, and Capt. Smith, a Commanding Officer at Alameda, emphatically denied any awareness of participation by Roth in any whistleblowing activity. Yet Roth thereafter failed to challenge either witness on the matter, or to call any witnesses of his own, even though the AJ had previously made abundantly clear what Roth would be required to demonstrate in order to shift the burden of proof to the agency.
 
 
 5
 We find no reversible error in the AJ's finding of no merit in Roth's allegations of reprisal for whistleblowing and that his reassignment was based solely upon his unsatisfactory performance; namely, his poor attitude, his deliberate attempts to undermine supervisory authority, and his failure to take corrective action following discussions with his supervisors. Though Roth contends that in reassigning him, the agency failed to comply with various Title 5 provisions, e.g., certain Merit System principles of § 2301 and performance appraisal provisions of § 4302, that issue is not before us. So long as a reassigned employee maintains his grade and pay, as is the case here, the MSPB, and thus this court, have no jurisdiction to review the merits of the reassignment. See Manning v. Merit Sys. Protection Bd., 742 F.2d 1424, 1427 (Fed.Cir.1984).