965 F.2d 1065
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Stanley H. DAVIS, Petitioner,
v.
DEPARTMENT OF the ARMY, Respondent.
 No. 91-3131.
 United States Court of Appeals, Federal Circuit.
 April 27, 1992.
 
 Before NIES, Chief Judge, and RICH and ARCHER, Circuit Judges.
 NIES, Chief Judge.
 
 
 1
 Stanley H. Davis seeks review of the October 30, 1990, decision of the Merit Systems Protection Board in Docket No. DC07529010537. The Board dismissed Davis's appeal for lack of jurisdiction because he failed to furnish evidence and argument that his retirement was involuntary. Davis seeks a remand asserting that the Board improperly dismissed his appeal without conducting a hearing on jurisdiction. We affirm.
 
 ANALYSIS
 
 2
 This court's review of Board decisions is limited. The decision must be affirmed unless it is found to be:
 
 
 3
 (1) arbitrary, capricious, and abuse of discretion, or otherwise not in accordance with the law;
 
 
 4
 (2) obtained without procedures required by law, rule, or regulation having been followed; or
 
 
 5
 (3) unsupported by substantial evidence....
 
 
 6
 5 U.S.C. § 7703(c) (1988). Here, the Board, based upon affidavits and documentary evidence submitted by the agency as well as statements submitted by Davis, determined that Davis's allegations of involuntary retirement were unsupported.
 
 
 7
 Davis does not assert and the record does not indicate that Davis requested a hearing. However, he asserts that the Board could not dismiss without an evidentiary hearing in light of Manning v. Merit Systems Protection Bd., 742 F.2d 1424 (Fed.Cir.1984). In that case, the court noted that no statutory provision requires the Board to conduct a hearing on the threshold issue of jurisdiction, but stated that:
 
 
 8
 [I]t would be appropriate for the MSPB to honor a request for a hearing where a petitioner's allegations raise non-frivolous issues of fact relating to jurisdiction which cannot be resolved simply on submission of documentary evidence.
 
 
 9
 Id. at 1428. Even if we were to construe Manning broadly to require a hearing without a request, Davis has not raised a genuine nonfrivolous issue of fact respecting the involuntariness of his retirement.
 
 
 10
 Davis first asserts that his retirement application was processed despite the fact that he had advised the agency of his desire to withdraw the application before its June 8, 1990, effective date. According to Davis's own statement, he went to the personnel office the day before "to inquire about the status of [his] action and withdrawal of the same." He does not allege or submit any evidence that he actually informed the agency of his desire to withdraw his resignation at that time. A contemporary note of the office states they advised him the paperwork for his retirement was not yet done and the person handling the matter was on vacation. Therefore, the record shows no genuine issue of fact concerning whether Davis advised the agency of his desire to withdraw his retirement application before its effective date.
 
 
 11
 Respecting Davis's allegation of coercion, he asserts that he was told to remain in his domicile during duty hours while a criminal investigation of his office was being conducted. Then according to Davis, he was informed by James Hall that LTC. Gregory Cannata had "advised" Davis to retire and that the Army would not oppose his application for retirement. After considering this as well as statements by Hall and LTC. Cannata, the Board properly determined that Davis's allegations, even if true, simply did not amount to coercion.
 
 
 12
 Davis's claim that he was mentally incompetent when he submitted his resignation, is based upon his allegation that the stress he was under deprived him of the ability to make a rational decision. Davis states that due to the agency's improper actions he became distraught, and that this state of mind ultimately led to the submission of his resignation. However, Davis's conclusory statements are simply insufficient to overturn the Board's determination that Davis's allegation of mental incompetence lacked any basis in the record.
 
 
 13
 Lastly, Davis alleges that the agency made a misrepresentation concerning health benefits and that the misrepresentation materially affected his decision to retire. The Board found there was no evidence that his decision would have been different if he had received correct information. The Board's decision relies on Davis's statement that he submitted his application because retirement "seemed the only way out of an embarrassing and unbearable situation." Moreover, his written request to withdraw his application on June 19, 1990, occurred before he learned in July that he had been given incorrect health benefit information. Health insurance could not have been a decisive factor in that decision. Davis has not shown it played a greater role, indeed, any role, in his decision to retire.
 
 
 14
 In sum, Davis did not raise any nonfrivolous issues of fact relating to jurisdiction, and the Board did not err in determining, on the basis of the submissions without a hearing, that Davis did not establish jurisdiction.