**Joe F. COOK, Jr., Petitioner,**

v.

**DEPARTMENT OF VETERANS AFFAIRS, Respondent.**

No. 02–3398.

United States Court of Appeals, Federal Circuit.

DECIDED: Feb. 11, 2003.

Before NEWMAN, MICHEL, and PROST, Circuit Judges.

PER CURIAM.

Mr. Joe F. Cook, Jr. ("Mr. Cook") petitions for review of the final decision of the Merit Systems Protection Board ("Board"), Docket No. CH–0752–02–0638–I–1, dismissing for lack of jurisdiction his appeal from an asserted involuntary disability retirement. Because the Board did not have jurisdiction over Cook's appeal, we *affirm*.

I

Mr. Cook was employed as a Housekeeper for the Department of Veterans Affairs ("DVA"), Dayton, Ohio, when he applied for, and was granted, a disability retirement annuity, effective December 12, 1996. On July 5, 2002, over five and one-half years after he retired, Mr. Cook filed an appeal with the Board alleging that his disability retirement was coerced by the DVA. On or about July 19, 2002, the Administrative Judge assigned to the case issued an "Acknowledgement Order" explaining that resignation and retirement actions are presumed to be voluntary and, thus, are not appealable to the Board. The Order also advised Mr. Cook as to the evidence he must present to establish that his disability retirement was involuntary. He was informed that if he requested a hearing, he would be granted one only if he made allegations of duress, coercion, or misrepresentation supported by facts, which, if proven, would establish that his retirement or resignation was involuntary. The Order specifically notified him that he had the burden of proving that the Board

had jurisdiction over his appeal and ordered him to file evidence and argument to prove that the action was within the Board's jurisdiction. Mr. Cook did not respond to that Order.

Consequently, in an initial decision dated August 13, 2002, the Administrative Judge decided to not hold a hearing because Mr. Cook "did not allege facts which, if true, would establish the Board's jurisdiction over the matter appealed." *See Manning v. Merit Sys. Prot. Bd.*, 742 F.2d 1424, 1427–28 (Fed.Cir.1984). Although the agency provided documentation of his disability retirement, neither Mr. Cook nor the agency identified the disability upon which his retirement was based. Thus, the Administrative Judge concluded that the record evidence did not support a finding that the DVA could have accommodated his disability. Because Mr. Cook failed to establish a *prima facie* of involuntary retirement, the Administrative Judge dismissed Mr. Cook's appeal for lack of Board jurisdiction.[1] Mr. Cook did not petition the full Board to review the Administrative Judge's initial decision. Therefore, the initial decision became the final decision of the Board.

Mr. Cook filed a timely petition for review by this court, which has jurisdiction under 28 U.S.C. § 1295(a)(9).

## II

This court affirms any Board decision not found to be: (1) arbitrary or capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedure required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1994); *Cheeseman v. Office of Pers. Mgmt.*, 791 F.2d 138, 140 (Fed.Cir.1986).

Retirements are presumed to be voluntary, and the burden of showing that the retirement was involuntary is upon the petitioner. *Terban v. Dep't of Energy*, 216 F.3d 1021, 1024 (Fed.Cir.2000). In order to establish a claim of involuntary disability retirement, the claimant must prove that: (1) after the onset of her disability and prior to her separation, she requested altered duties or working conditions, or indicated to the agency that she wished to continue working with a modification of her working conditions or duties; (2) there was a reasonable accommodation available prior to the date of her separation, either at or below her grade level, that would have allowed her to continue her employment; and (3) the agency did not provide her that accommodation. *See Okleson v. United States Postal Serv.*, 90 M.S.P.R. 415, 421–22 (2001); *Timinski v. Dep't of Agric.*, 88 M.S.P.R. 559, 562–64 (2001); *As'Salaam v. United States Postal Serv.*, 85 M.S.P.R. 76, 89–91 (2000). The Board concluded that the administrative record lacked any evidence that would support a finding that Mr. Cook ever requested that the DVA accommodate his disability and that the DVA could have but refused to do so.

The Board considered all of the evidence before it in deciding that it lacked jurisdiction. On appeal, Mr. Cook makes general

---

**1.** Mr. Cook also alleged that his retirement constituted handicap discrimination. However, the Administrative Judge could not address Mr. Cook's discrimination allegations because when the Board lacks jurisdiction over a matter appealed, it also lacks jurisdiction over allegations of prohibited discrimination raised in the appeal. *See Dixon v. United States Postal Serv.*, 64 M.S.P.R. 445, 452 (1994). The Administrative Judge did not address the timeliness of Mr. Cook's appeal because he was not advised of his burden of proving that good cause existed for the untimely filing or that he exercised due diligence in discovering his appeal rights.

allegations that the Board did not consider certain grounds in reaching its decision. However, he fails to explain how these alleged grounds are relevant to the Board's decision that he did not establish a *prima facie* case of involuntary retirement. Mr. Cook has not established that there is any evidence in the record that proved anything other than that Mr. Cook had applied for, and was granted, a disability retirement. Without more, Mr. Cook's decision to retire is conclusively presumed to be voluntary. *See Terban,* 216 F.3d at 1024. Consequently, the Board's determination that Mr. Cook failed to rebut the presumption that he voluntarily retired was neither arbitrary nor capricious.