# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

SHAWN K. CARTER,
>           Appellant,

>       v.

UNITED STATES POSTAL SERVICE,
>           Agency.

DOCKET NUMBER
AT-0752-13-3701-I-1

DATE: September 9, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Shawn K. Carter, Maryville, Tennessee, pro se.

Keyur S. Shah, Philadelphia, Pennsylvania, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1       The appellant has filed a petition for review of the initial decision, which dismissed this appeal for lack of jurisdiction over the appellant's claim concerning an alleged suspension.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2      After affording the parties the opportunity to address whether the Board has jurisdiction over the subject matter of this appeal, Initial Appeal File (IAF), Tab 11, the administrative judge found that the appellant failed to establish that he had been subjected to an appealable suspension, IAF, Tab 15, Initial Decision (ID).  As explained in the initial decision, only certain adverse actions are appealable to the Board under 5 U.S.C. chapter 75.  ID at 2-3.  Although a suspension of more than 14 days falls within that authority, 5 U.S.C. § 7512(2), the administrative judge found nothing in the record to indicate that the appellant had been suspended at all, much less for more than 14 days, ID at 3.  Rather, the uncontroverted evidence showed that the appellant was in an off-duty but *paid* status during the relevant period.  ID at 2.  Because the appellant was in a paid status, he was not subjected to a "suspension" that can be appealed to the Board as an adverse action under 5 U.S.C. chapter 75.  *See* 5 U.S.C. §§ 7501(2), 7511(a)(2), 7512(2), 7513(d); *Henry v. Department of the Navy*, 902 F.2d 949, 954 (Fed. Cir. 1990).

¶3    The appellant's petition for review does not contain any recognizable challenge to the administrative judge's analysis.  Rather, the petition for review appears to challenge the initial decision in the appellant's separate appeal regarding his removal, which has been docketed as *Carter v. U.S. Postal Service*, MSPB Docket No. AT-0752-13-3703-I-1.  The Board has addressed those arguments in a separate decision in the removal appeal.

¶4    We discern no reason to disturb the initial decision dismissing this matter for lack of jurisdiction without a hearing.  The appellant has failed to raise any nonfrivolous issue of fact relating to the determination that he was not subjected to an action that is reviewable by the Board.  *See Manning v. Merit Systems Protection Board*, 742 F.2d 1424, 1427-28 (Fed. Cir. 1984).

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff.

Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                   _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.