**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| GERALD MITCHELL,<br>            Appellant, | DOCKET NUMBER<br>AT-0841-14-0365-I-1 |
|         v. | |
| OFFICE OF PERSONNEL<br>    MANAGEMENT,<br>            Agency. | DATE: February 2, 2015 |

# THIS ORDER IS NONPRECEDENTIAL[1]

Gerald Mitchell, Memphis, Tennessee, pro se.

Patrick Jennings, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## REMAND ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his discontinued service retirement (DSR) annuity appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

petition for review and REMAND the case to the regional office for further adjudication in accordance with this Order.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2     The appellant held a position with the U.S. Postal Service until he was removed for cause.  Initial Appeal File (IAF), Tab 22 at 25-26.  He applied for a DSR annuity and the Office of Personnel Management (OPM) issued an initial decision denying his application, IAF, Tab 26 at 6; he subsequently reapplied in January 2013.  IAF, Tab 22 at 26-29.  OPM denied the appellant's application in a letter dated February 20, 2013.[2]  *Id.* at 25.  In *Mitchell v. Office of Personnel Management*, MSPB Docket No. AT-0841-13-0351-I-1, the Board dismissed the appellant's petition for review of the initial decision that dismissed his DSR annuity appeal as withdrawn with prejudice to refiling.  MSPB Docket No. AT-0841-13-0351-I-1, Final Order (0351 Final Order) at 3 (Sept. 23, 2013).  The Board noted that OPM indicated that it would treat the appellant's appeal as a request for reconsideration and found that, subsequent to OPM issuing this decision, the appellant could file a new appeal.  *Id.*

¶3     In September 2013, OPM approved the appellant's separate application for a disability retirement annuity.[3]  IAF, Tab 22 at 6-8.  On January 16, 2014, the appellant filed the instant appeal alleging that OPM had repeatedly "failed and/or refused" to issue a reconsideration decision on his DSR annuity.  IAF, Tab 1 at 3-4.  The administrative judge issued an acknowledgment order to the parties, which advised the appellant of his burden of proof regarding jurisdiction.  IAF, Tab 2 at 2.  After the parties responded to the order, the administrative judge held

---

[2] OPM's letter did not indicate that it was an initial or reconsideration decision, and it did not provide the appellant with notice regarding a right to request reconsideration. *See* IAF, Tab 22 at 25.

[3] The appellant also filed an appeal concerning his disability retirement annuity, *Mitchell v. Office of Personnel Management*, MSPB Docket No. AT-0831-14-0611-I-1, in which he has filed a petition for review.  We will adjudicate that petition separately.

a status conference, in which the appellant did not participate.[4] IAF, Tab 14, Tab 19 at 3, Tab 22 at 4-5, Tab 23. After the parties responded to the status conference summary, the administrative judge issued an order instructing the appellant to inform him if he wanted to continue pursuing a DSR annuity because OPM's response indicated that the appellant's monthly disability retirement annuity was greater than a possible DSR annuity. IAF, Tab 26 at 4, Tabs 27, 29, 30-31, 33-34, 42. The appellant responded that he wanted to pursue the DSR annuity. IAF, Tabs 32-34. The administrative judge then issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 48, Initial Decision (ID) at 3. The appellant has submitted a timely petition for review. Petition for Review (PFR) File, Tabs 1, 9. The agency responded to the petition for review, indicating that it issued a reconsideration decision on June 24, 2014. PFR File, Tab 16.[5]

The administrative judge correctly dismissed the appeal for lack of jurisdiction.

¶4    On petition for review, the appellant argues that OPM's motion to dismiss in his previous appeal in MSPB Docket No. AT-0841-13-0351-I-1, and OPM's response to the status conference summary in the instant appeal, show that OPM does not intend to issue a reconsideration decision and that OPM's initial decision was its final decision. PFR File, Tab 1 at 3-4. The administrative judge found

---

[4] The appellant stated below, in response to the summary of status conference, that, "[he] takes exception with the summary as to its inclusiveness but not limited thereof." IAF, Tab 27 at 3. To the extent that he was arguing that the status conference was a prohibited ex parte communication, we find that he has shown no prejudice. *See Reape v. Department of Health & Human Services*, 41 M.S.P.R. 406, 409 (1989), *aff'd*, 897 F.2d 538 (Fed. Cir. 1990) (Table); *see also Karapinka v. Department of Energy*, 6 M.S.P.R. 124, 127 (1981) (the administrative judge's procedural error is of no legal consequence unless it is shown that it has adversely affected a party's substantive rights); 5 C.F.R. § 1201.101(a) (defining ex parte communications in Board proceedings).

[5] On June 11, 2014, the appellant filed a motion to supplement the record. PFR File, Tab 14. In light of our disposition in this matter, we find that it is unnecessary to rule on the appellant's motion.

that the record did not support the conclusion that OPM did not intend to issue a reconsideration decision. ID at 3. Therefore, the Board lacked jurisdiction.[6] ID at 3. We agree.

¶5 In an application for retirement benefits, the Board generally has jurisdiction only when OPM has issued a reconsideration decision affecting an individual's retirement rights. *Garnace v. Office of Personnel Management*, 51 M.S.P.R. 375, 377 (1991). The Board, however, has recognized limited exceptions where OPM, in effect, has refused to issue a reconsideration decision, thus making its "initial" decision on the retirement application its "final" decision for purposes of a Board appeal. *McNeese v. Office of Personnel Management*, 61 M.S.P.R. 70, 74 (1994), *aff'd*, 40 F.3d 1250 (Fed. Cir. 1994) (Table). In a similar case, the Board declined to find such a refusal where OPM explained that its 16-month delay was due to a backlog, and that it intended to adjudicate the application. *Id.* at 73-74.

¶6 In the instant case, the administrative judge correctly found that the Board lacked jurisdiction below because OPM had not yet issued a reconsideration decision. ID at 3. Nor do we find, under the circumstances of this case, that OPM's 16-month delay between the appellant's filing his prior appeal in MSPB Docket No. AT-0841-13-0351-I-1 and OPM's June 24, 2014 reconsideration decision amounted to a refusal to issue such a decision. As mentioned previously, OPM's February 20, 2013 letter did not provide the appellant with notice regarding his right to request reconsideration. IAF, Tab 22 at 25.

---

[6] The appellant raised discrimination claims below and on review, including a claim under the Uniformed Services Employment and Reemployment Rights Act of 1994 (codified at 38 U.S.C. §§ 4301-4333). IAF, Tab 34 at 3-4; PFR File Tab 8 at 3. However, the Board has found that, as a matter of law, the retirement statutes allow for no discretion on the part of OPM in determining an individual's entitlement to an annuity and in following the annuity computation formulas enacted by Congress, and, in the absence of discretion, there can be no improper discrimination. *Jordan v. Office of Personnel Management*, 108 M.S.P.R. 119, ¶ 9 (2008); *Hundley v. Office of Personnel Management*, 83 M.S.P.R. 632, ¶ 9 (1999).

However, the Board noted in the appellant's previous appeal that OPM admitted that this omission was an error and that it intended to issue a reconsideration decision because it considered the Board appeal to be a request for reconsideration. 0351 Final Order at 2. In the instant case, OPM noted below that the appellant had overlapping retirement applications and appeals that involved multiple offices, and thus OPM was not able to issue a reconsideration decision as yet but would issue a decision subsequent to dismissal of this appeal. *See* IAF, Tab 22 at 4-5.

<u>The appellant's allegations that the administrative judge erred by not affording him a hearing and not permitting him to engage in discovery are without merit.</u>

¶7         The appellant argues on review that he was denied his right to a hearing. *See* PFR File, Tab 1 at 4. There is no statutory requirement that the Board hold a hearing on the threshold issue of jurisdiction. *Manning v. Merit Systems Protection Board*, 742 F.2d 1424, 1427 (Fed. Cir. 1984). An appellant is entitled to a hearing in a retirement appeal where the Board has jurisdiction. *See McDowell v. Office of Personnel Management*, 66 M.S.P.R. 511, 513 (1995) (because the Board has jurisdiction over appeals of OPM reconsideration decisions, the appellant was entitled to a hearing); *see also Crowder v. Office of Personnel Management*, 21 M.S.P.R. 293, 295 (1984) (an appellant is entitled to a hearing on the merits of OPM's reconsideration denial of his disability annuity application). An administrative judge should also hold a hearing when the appellant's allegations raise nonfrivolous issues of fact relating to jurisdiction which cannot be resolved merely on submissions of documentary evidence. *Manning*, 742 F.2d at 1428. In the instant case, because the parties' submissions were sufficient to determine that the Board lacked jurisdiction, the appellant was not entitled to a hearing.

¶8         On petition for review, the appellant argues that he was denied discovery. PFR File, Tab 1 at 4. However, a party does not need the Board's approval to engage in discovery, and the Board generally becomes involved in discovery

matters only if a party files a motion to compel. *See King v. Department of the Navy*, 98 M.S.P.R. 547, ¶ 10 (2005), *aff'd*, 167 F. App'x 191 (Fed. Cir. 2006); *see also* 5 C.F.R. § 1201.73. The appellant does not assert that he filed a motion to compel discovery below. Although the appellant filed a motion to initiate discovery, the administrative judge had already permitted discovery in the acknowledgment order. IAF, Tab 2 at 3-4, Tab 37. Thus, his claim that the administrative judge erred in this regard is wholly without merit. *See King*, 98 M.S.P.R. 547, ¶ 10. Further, in light of our finding that the administrative judge properly dismissed the appeal for lack of jurisdiction, we find that any failure to rule on the appellant's numerous motions was harmless. *See Karapinka*, 6 M.S.P.R. at 127.

New and material evidence reveals that the Board has jurisdiction over this appeal.

¶9        OPM has submitted new and material evidence on review showing that it issued a reconsideration decision dated June 24, 2014. PFR File, Tab 16 at 5-6. The reconsideration decision affirmed OPM's initial decision denying a DSR annuity. *Id.* Therefore, we find that the Board now has jurisdiction to consider the DSR appeal. *See Garnace*, 51 M.S.P.R. at 377.

¶10       Accordingly, we REMAND the appeal to the regional office for further adjudication.[7] *See Daniel v. Office of Personnel Management*, 112 M.S.P.R. 699, ¶ 5 (2010) (finding that, because OPM had issued a reconsideration decision subsequent to the Board's initial decision, the Board had jurisdiction on review,

---

[7] On petition for review, the appellant stated that, "his election will be to stay under disability retirement." PFR File, Tab 21 at 3. His election could be interpreted as a withdrawal of this appeal. However, the relinquishment of one's right to appeal to the Board must be by clear, unequivocal and decisive action. *Etheridge v. Department of Veterans Affairs*, 67 M.S.P.R. 53, 56 (1995). The appellant's election does not indicate an unequivocal withdrawal because he does not state that he wants to withdraw his DSR appeal, and he indicates that OPM violated his rights and that due to OPM's reprisal he should be awarded damages. PFR File, Tab 21 at 3; *cf. Tozier v. Department of the Interior*, 41 M.S.P.R. 167, 169 (1989) (the appellant's letter to the administrative judge plainly and unequivocally stated that he wished to withdraw his appeal).

and thus remand was necessary). The administrative judge shall afford the parties an opportunity to submit evidence and argument concerning the appellant's eligibility for a DSR annuity and issue an initial decision on the merits of the appeal.

¶11 The appellant requests on review that the Board consolidate this appeal with two of his other appeals: *Mitchell v. Office of Personnel Management*, MSPB Docket No. AT-0831-14-0611-I-1, and *Mitchell v. United States Postal Service*, MSPB Docket No. DA-3443-14-0350-I-1. *See* PFR File, Tab 8 at 3. In his appeal in MSPB Docket No. AT-0831-14-0611-I-1, the appellant is appealing the processing of his disability retirement application. MSPB Docket No. DA-0831-14-0611-I-1, Initial Appeal File, Tab 1. In his appeal in MSPB Docket No. DA-3443-14-0350-I-1, he is challenging the alleged failure of the U.S. Postal Service to provide insurance. MSPB Docket No. DA-3443-14-0350-I-1, Initial Appeal File, Tab 1. Both appeals are pending before the Board on petition for review.

¶12 Joinder of two or more appeals filed by the same appellant may be appropriate when joinder would expedite processing of the appeals and when joinder would not adversely affect the interests of the parties. *Boechler v. Department of the Interior*, 109 M.S.P.R. 542, ¶ 14 (2008), *aff'd*, 328 F. App'x 660 (Fed. Cir. 2009); 5 C.F.R. § 1201.36(a)(2), (b). In the instant case, joining this appeal with the appeal in MSPB Docket No. DA-0831-14-0611-I-1 would not expedite processing of the appeals because we are disposing of that appeal without remand, as noted in our separate Order in that case. Further, joining this appeal with the appeal in MSPB Docket No. DA-3443-14-0350-I-1 would not be appropriate because there is no evidence that the U.S. Postal Service ever requested to intervene in this proceeding. *Cf. Holser v. Office of Personnel Management*, 72 M.S.P.R. 247, 250-251 (1996) (finding no error by the administrative judge in not combining a disability retirement claim with an involuntary resignation claim because disposition of one did not affect the other). Therefore, we DENY the appellant's motion for joinder.

**ORDER**

For the reasons discussed above, we REMAND this case to the regional office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:                    _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.