**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

DONNETTE M. MCFARLIN,
                    Appellant,

              v.

OFFICE OF SPECIAL COUNSEL,
                    Agency.

DOCKET NUMBER
SF-3443-14-0632-I-1

DATE: December 12, 2014

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Donnette M. McFarlin, Vista, California, pro se.

Pamela Gault, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member
Vice Chairman Wagner has recused herself from this case.

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her appeal of the Office of Special Counsel's (OSC's) purported inaction on a complaint. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2    The appellant previously appealed the Office of Personnel Management's (OPM's) dismissal of her disability retirement application as incomplete. *See McFarlin v. Office of Personnel Management*, MSPB Docket No. SF-844E-13-0682-I-1 (OPM Appeal), Final Order (May 1, 2014). However, that appeal was dismissed as untimely. *Id*. at 5.

¶3    After the dismissal of her OPM appeal, the appellant reportedly filed a complaint with OSC, asserting that the Board abused its authority, defamed her character, exhibited bias, and issued a decision containing a false accusation.[2] Initial Appeal File (IAF), Tab 1 at 5-6. Subsequently, the appellant filed the instant Board appeal, this time naming OSC as the opposing party. *Id*. at 2. It

---

[2] At least in part, the appellant's claim is premised on the Board "publish[ing] [an] On-Line accusation that [she] applied to OPM for Death Benefits and a Death Lump Sum Payment." Initial Appeal File, Tab 1 at 6. It is true that the initial decision in the appellant's prior appeal referred to the case as relating to an application for lump-sum death benefits, when the application was actually one for disability retirement. *See* OPM Appeal, Final Order at 2 n.2. However, we noted the error in the final order, finding that it did not affect the appellant's substantive rights. *Id*.

appears that the appellant sought to appeal OSC's decision not to investigate. *Id*. at 5.

¶4 The administrative judge issued an acknowledgment order, advising that the appellant appeared to be challenging an action falling outside the Board's limited jurisdiction. IAF, Tab 2 at 2. Accordingly, the judge instructed the appellant to file argument and evidence to establish the Board's jurisdiction. *Id.* at 4. The order provided notice of how she could establish jurisdiction if she was trying to file an individual right of action under the Whistleblower Protection Act. *Id*. at 2-4. The appellant failed to respond.

¶5 Without holding the requested hearing, IAF, Tab 1 at 3, the administrative judge dismissed the appeal for lack of jurisdiction,[3] IAF, Tab 4, Initial Decision (ID) at 1. The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed a response. PFR File, Tab 3.

¶6 The Board's jurisdiction is not plenary; it is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). In the absence of Board jurisdiction, a decision on the merits would be a nullity. *Schmittling v. Department of the Army*, 219 F.3d 1332, 1337 (Fed. Cir. 2000). It is the appellant that bears the burden of proving, by a preponderance of the evidence, that the Board has jurisdiction over her appeal. 5 C.F.R. § 1201.56(a)(2)(i). An appellant is entitled to a jurisdictional hearing if she makes a nonfrivolous allegation of unresolved issues of fact that relate to the Board's jurisdiction. *Manning v. Merit Systems Protection Board*, 742 F.2d 1424, 1427-28 (Fed. Cir. 1984).

¶7 In her petition, the appellant seems to suggest that the administrative judge erred in interpreting her appeal. *See* PFR File, Tab 1 at 4-5. It appears that the appellant is now challenging the prior Board decision in her OPM appeal, rather

---

[3] The administrative judge noted that if the appellant was seeking to amend the record of an earlier appeal, she may submit a request for amendment to the Clerk of the Board as a Privacy Act Request, pursuant to 5 C.F.R. § 1205.21. ID at 2-3.

than OSC's refusal to investigate the matter. *See id.* at 3-5. Nevertheless, to the extent that the appellant's petition can be construed as challenging OSC's refusal to investigate, she has provided no cause to disturb the initial decision, which rightly found that this is not a matter within the Board's jurisdiction. *Weaver v. Department of the Navy,* 2 M.S.P.R. 129, 133 (1980) (mere disagreement with the presiding official's findings and conclusions does not warrant full review of the record by the Board); *see* 5 U.S.C. § 1213 (detailing OSC's process of reviewing disclosures, without providing any statutory right to appeal OSC's action or inaction).[4]

¶8         To the extent that the appellant's petition can be construed as challenging something other than OSC's refusal to investigate, the appellant failed to bring the argument to the attention of the administrative judge below, when given the opportunity to respond to the acknowledgment order. *See* IAF, Tab 2 at 4 (providing 10 calendar days for a responsive pleading). The Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). In addition, under 5 C.F.R. § 1201.115, the Board will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). Therefore, we need not consider the appellant's new arguments, *see* PFR File, Tab 1 at 3-5, or the appellant's newly submitted evidence, *see id.* at 7-8. The appellant failed to show that her arguments or evidence were previously unavailable. Moreover, to the extent that the appellant is requesting that we reopen our final order in her appeal against OPM, we decline to do so. *See* OPM

---

[4] Despite the administrative judge's notice below, IAF, Tab 2 at 2-4, the appellant has not raised a claim of whistleblower retaliation that implicates the appeal rights of 5 U.S.C. § 1221.

Appeal, Final Order at 6-7 (explaining the appellant's right to appeal the Board's decision in her OPM appeal to the U.S. Court of Appeals for the Federal Circuit); PFR File, Tab 1 at 8 (letter from the Clerk of the Board, rejecting the appellant's prior request for reconsideration of her OPM appeal); *see also Special Counsel v. Greiner*, 119 M.S.P.R. 492, 496 (2013) (the Board will exercise its authority to reopen a final order pursuant to 5 C.F.R. § 1201.118 only in unusual or extraordinary circumstances; among the factors considered is the likelihood of reaching a new result based on the evidence and argument presented).

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov.

Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's <u>Rules of Practice</u>, and <u>Forms</u> 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at <u>http://www.mspb.gov/probono</u> for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                 _____
                                               William D. Spencer
                                               Clerk of the Board

Washington, D.C.