# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| STERLING SCOTT,<br>                    Appellant, | DOCKET NUMBER<br>SF-0752-15-0643-I-1 |
| v. | |
| DEPARTMENT OF HOMELAND<br>     SECURITY,<br>                    Agency. | DATE: February 25, 2016 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Bobby R. Devadoss, Esquire, and Stephanie Bernstein, Esquire, Dallas,
     Texas, for the appellant.

Keri A. Buck, Esquire, and Laurel Rimon, Esquire, Washington, D.C., for
     the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1    The appellant has filed a petition for review of the initial decision, which
dismissed his alleged involuntary resignation appeal for lack of jurisdiction.
Generally, we grant petitions such as this one only when:   the initial decision

---

[1]  A nonprecedential order is one that the Board has determined does not add
significantly to the body of MSPB case law.  Parties may cite nonprecedential orders,
but such orders have no precedential value; the Board and administrative judges are not
required to follow or distinguish them in any future decisions.  In contrast, a
precedential decision issued as an Opinion and Order has been identified by the Board
as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2    The appellant held the position of Criminal Investigator within the agency's Office of the Inspector General in San Diego.  Initial Appeal File (IAF), Tab 7 at 26.  On December 5, 2014, the agency proposed removing him based upon a single charge of conduct unbecoming a Federal law enforcement officer.  *Id*. at 8-15.  In short, the agency alleged that the appellant purchased cocaine without any authority to do so. *Id*. at 8-9.  On December 8, 2014, the appellant designated an attorney to represent him in the matter.  *Id*. at 16.  That attorney submitted a written response to the proposed removal on January 5, 2015.  *Id*. at 18-24.  On January 7, 2015, before the agency issued a decision on the proposed removal, the appellant resigned.  *Id*. at 25-26.

¶3    The appellant filed the instant appeal, alleging that his resignation was involuntary.  IAF, Tab 1.  The administrative judge issued an order, setting out the applicable standards and directing the appellant to meet his jurisdictional burden.  IAF, Tab 2.  The appellant and agency each filed a response.  IAF, Tabs 5, 7.

¶4   The administrative judge dismissed the appeal, without a hearing, for lack of jurisdiction.  IAF, Tab 10, Initial Decision (ID).[2]  The appellant has filed a petition for review.  Petition for Review (PFR) File, Tab 1.  The agency has filed a response.  PFR File, Tab 3.

¶5   An appellant has the burden of proving, by preponderant evidence, that his appeal is within the Board's jurisdiction.  5 C.F.R. § 1201.56(b)(2)(i)(A).  If an appellant raises nonfrivolous issues of fact relating to jurisdiction that cannot be resolved simply on submissions of documentary evidence, he is entitled to a hearing on the jurisdictional issue.  *See Manning v. Merit Systems Protection Board*, 742 F.2d 1424, 1427-28 (Fed. Cir. 1984).

¶6   Employee-initiated actions, such as a resignation, are presumed to be voluntary, and thus outside the Board's jurisdiction.  *Staats v. U.S. Postal Service*, 99 F.3d 1120, 1123-24 (Fed. Cir. 1996).  However, an appellant may overcome the presumption by showing that:  (1) his resignation was the product of misinformation or deception by the agency; or (2) his resignation was the product of coercion by the agency.  *Id.* at 1124.

¶7   The appellant argued below that the facts asserted in the proposed removal were inaccurate and incomplete.  IAF, Tab 5 at 9.  He also alleged that when the proposing official presented him with the proposed removal, he told the appellant that he "should not be fighting [the] case because [the proposing official] knew that the MSPB would rule against [the appellant]."  *Id*.  The appellant argued that the aforementioned statement was misleading and coercive, causing him to resign.  *Id*. at 4-5, 9-10.  He reasserts the argument on review.  PFR File, Tab 1 at 6-9.

¶8   Although the appellant has alleged that the agency's proposal to remove him was filled with factual errors, he has provided nothing to support that

---

[2] The appellant filed his appeal more than 5 months after his resignation.  *See* IAF, Tab 1.  However, because the administrative judge dismissed the appeal for lack of jurisdiction, he made no finding on the issue of timeliness.  ID at 3 n.2.  We decline to reach the timeliness issue for the same reason.

assertion or a finding that the agency knew it could not prevail in the matter. *See Briscoe v. Department of Veterans Affairs*, 55 F.3d 1571, 1573-74 (Fed. Cir. 1995) (explaining that bald allegations standing alone do not meet the nonfrivolous allegation standard); *see also Baldwin v. Department of Veterans Affairs*, 109 M.S.P.R. 392, ¶ 12 (2008) (discussing that, if an appellant shows that an agency knew that it would not prevail on a proposed adverse action, the proposed action is coercive and the resulting resignation is involuntary). In addition, although the appellant argues that he relied upon the proposing official's statement concerning the likelihood of him succeeding in a Board appeal, we disagree with the assertion that the statement rendered his resignation involuntary.

¶9      The test for involuntariness is an objective one, requiring the appellant to show that a reasonable employee in the same circumstances would have felt coerced into resigning or retiring. *Conforto v. Merit Systems Protection Board*, 713 F.3d 1111, 1121 (Fed. Cir. 2013). In this case, the allegedly coercive statement amounts to little more than the proposing official's opinion that the agency had a strong case. *See* IAF, Tab 5 at 9. We are not persuaded that a reasonable employee under the same circumstances would have felt coerced into resigning due to that off-hand comment. This is especially so given the fact that the appellant had his own attorney representative to consult about the matter, an attorney who prepared a detailed response to the proposal, extensively citing Board precedent. IAF, Tab 7 at 16, 18-23.

¶10      Under the circumstances, the appellant may have faced an unpleasant choice, but he has failed to meet his burden of nonfrivolously alleging that his resignation was involuntary. *See Schultz v. U.S. Navy*, 810 F.2d 1133, 1136 (Fed. Cir. 1987) (stating that the fact that an employee faces an unpleasant choice of either resigning or facing removal for cause does not render his decision involuntary). We therefore affirm the administrative judge's decision, dismissing the involuntary resignation appeal for lack of jurisdiction.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.