**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| HAROLD ARNALDO HERNANDEZ,<br>Appellant, | DOCKET NUMBER<br>AT-3443-15-0764-I-1 |
| v. | |
| DEPARTMENT OF JUSTICE,<br>Agency. | DATE: March 1, 2016 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Ryan C. Nerney, Esquire, Encinitas, California, for the appellant.

Chad Y. Tang, Esquire, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1 The appellant has filed a petition for review of the initial decision, which dismissed his probationary termination appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2    On July 24, 2015, the appellant filed an appeal contesting the agency's decision to terminate his employment as a Special Agent with the Federal Bureau of Investigation (FBI). Initial Appeal File, Tab 1.[2] The administrative judge dismissed the appeal for lack of jurisdiction, on the ground that the appellant had failed to show that he was a preference eligible with at least 1 year of current continuous service. IAF, Tab 15, Initial Decision. This petition for review followed. Petition for Review (PFR) File, Tab 1.

¶3    The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). Under 5 U.S.C. § 7511(8), the only FBI employees with appeal rights to the Board are those who meet the requirements of 5 U.S.C. § 7511(a)(1)(B). *Van Lancker v. Department of Justice*, 119 M.S.P.R. 514, ¶ 4 (2013). Hence, for the Board to have jurisdiction over this appeal, the appellant must be a preference eligible in the excepted service who has completed 1 year of current continuous service in the same or similar

---

[2] In his initial filing, the appellant asserted that the agency discriminated against him on the basis of his past military service. *Id*. That claim was separately docketed and processed as an appeal under the Uniformed Services Employment and Reemployment Rights Act. *Hernandez v. Department of Justice*, MSPB Docket No. AT-15-4324-0765-I-1.

positions in an Executive agency or in the U.S. Postal Service or Postal Rate Commission. *See* 5 U.S.C. § 7511(a)(1)(B).

¶4 The record reflects that the appellant has preference-eligible status, and was hired into the excepted service on August 10, 2014. IAF, Tabs 1, 9. It is undisputed that the agency terminated his employment on March 19, 2015, approximately 7 months after he began his employment with the agency. IAF, Tab 1. The appellant argued below that his prior service in the U.S. Army could be tacked on to his civilian service with the agency to satisfy the 1-year current continuous service requirement. IAF, Tab 14 at 5. However, as the administrative judge noted below, military service cannot be tacked on to civilian service for purposes of meeting the 1-year current service requirement of 5 U.S.C. § 7511(a)(1)(B). *See Bell v. Department of Homeland Security*, 95 M.S.P.R. 580, ¶¶ 15-18 (2004).

¶5 On review, the appellant argues that *Bell* is not decisive, because in addition to his service with the U.S. Army, he also served 9 years as a Major in the U.S. Air Force Auxiliary Component, Civil Air Patrol. PFR File, Tab 1 at 6-7. He argues that his volunteer service in the Civil Air Patrol counts as civilian service, and thus may tacked on to his service with the agency for purposes of meeting the 1-year current continuous service requirement. *Id*. However, assuming arguendo that volunteer work with the Civil Air Patrol might count as civilian service, the appellant has not provided any evidence to establish that his service with the Civil Air Patrol immediately preceded his employment with the agency, or that it included the same or similar duties as his FBI Special Agent position. Hence, the appellant still has failed to show that he satisfies the requirements of 5 U.S.C. § 7701(a)(1)(B).

¶6 The appellant also argues that the Board should assert jurisdiction based on his claim that the agency violated his due process rights under the Fifth Amendment. PFR File, Tab 1 at 7-8. However, it is well established that the Board has no jurisdiction to review constitutional claims that are not coupled with

an independently appealable action. *Smith v. Department of Defense*, 106 M.S.P.R. 228, ¶ 13 (2007) (citing *Manning v. Merit Systems Protection Board*, 742 F.2d 1424, 1428-29 (Fed. Cir. 1984)).

**NOTICE TO THE APPELLANT REGARDING**
**YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation

for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.