**Sheila T. ROSE, Petitioner,**

v.

**DEPARTMENT OF HEALTH AND HUMAN SERVICES, Respondent.**

**Appeal No. 83–738.**

United States Court of Appeals, Federal Circuit.

Nov. 18, 1983.

Sheila T. Rose, Potomac, Md., pro se.

Alexander Younger, Washington, D.C., for respondent. J. Paul McGrath, Asst. Atty. Gen., David M. Cohen, Director, Thomas W. Petersen and Frances L. Nunn, Washington, D.C., were on the brief for respondent.

Before SMITH, and NIES, Circuit Judges, and KELLAM,* Senior District Judge.

NIES, Circuit Judge.

Petitioner Rose appeals from a decision of the Merit Systems Protection Board (MSPB) dismissing her appeal for lack of jurisdiction. The MSPB held that neither an agency's placement of an employee in AWOL status nor an agency's issuance of a notice of proposed removal is an appealable agency action. The MSPB further held that the placement of an employee in AWOL status did not constitute a "suspension," the latter being appealable under 5 U.S.C. § 7512(2) if of sufficient duration. We affirm the decision of the MSPB.

## Background

At the time of appealing to the MSPB petitioner was an employee of the Department of Health and Human Services. The facts concerning her assignments in the Department are in dispute and were not considered by the MSPB in disposing of the case. The charge of AWOL arose because petitioner refused to sit at her assigned desk purportedly for health reasons stemming from alleged harassment and threats from co-workers in the office. Despite repeated admonitions from her immediate supervisor, petitioner persisted in her refusal to work at her assigned work location and sat, instead, in the staff library. As a consequence, the agency began charging petitioner with being AWOL on July 20, 1981, and continued to do so every day thereafter except when she took leave. Petitioner filed an appeal to the MSPB on September 12, 1981, challenging her AWOL status.

On October 7, 1981, the agency issued an "advance notice of proposed removal" based upon the AWOL charges.

On January 13, 1982, the presiding official rendered an initial decision dismissing the appeal on the ground that the board had no jurisdiction to review the aforesaid agency actions. On November 16, 1982, the MSPB denied a petition for review and affirmed the decision of the presiding official, which became final on November 21, 1982. Petitioner appeals that decision.

## OPINION

■ The MSPB has jurisdiction to hear appeals only from the types of actions specifically enumerated by law, rule, or regulation. 5 U.S.C. § 7701.[1] In this case, the MSPB held that no statute, rule or regulation provides for appeal from an agency's proposal to remove an employee[2] or from a decision to place an employee in AWOL status. Petitioner does not contest these holdings in the present appeal, which are, in any event, eminently correct. Rather, peti-

---

* The Honorable Richard B. Kellam, United States District Court for the Eastern District of Virginia, sitting by designation.

1. 5 U.S.C. § 7701(a) provides in pertinent part:
   (a) An employee, or applicant for employment, may submit an appeal to the Merit Systems Protection Board from any action which is appealable to the Board under any law, rule, or regulation.

2. Petitioner was eventually removed from her position and has filed a second appeal relating to the removal action. The present appeal, however, does not encompass that action.

tioner contends that charging her AWOL was, in effect, a suspension which would be appealable to the MSPB under 5 U.S.C. § 7512(2) since it lasted more than 14 days.

In answer to petitioner's jurisdictional argument, the presiding official noted that, while the placement of an employee on forced leave may constitute a suspension under certain circumstances, "[petitioner] has not alleged that the agency forced her to take annual leave, sick leave, or approved leave without pay. Rather, the agency charged her AWOL for her alleged absences."

The presiding official also opined that if an employee were placed on AWOL for more than 14 days without reason to believe that he or she was to report for duty, the employee would be entitled to a hearing before the MSPB on that issue. However, the presiding official found that in this case petitioner clearly was aware of her supervisor's insistence that she report for duty at her assigned work station.

In reviewing the decision of the presiding official, we must begin with the statute, and in particular, the statutory definition of "suspension" in 5 U.S.C. § 7501(2):

> (2) "[s]uspension" means the placing of an employee, for disciplinary reasons, in a temporary status without duties and pay.

Petitioner is unable to bring the action against her within the scope of 5 U.S.C. § 7501(2). Her charge is that she was not properly assigned to perform duties commensurate with her education and background. However, she was not deprived of the duties of the position to which she was assigned.

For purposes of determining whether a suspension has occurred, we conclude that assignment to an inappropriate position may not be equated with deprivation of duties within the meaning of 5 U.S.C. § 7501(2).

Petitioner also asserts that she was improperly denied a hearing on the jurisdictional issue before the MSPB in contraven-

tion of 5 U.S.C. § 7701(a)(1),[3] thereby depriving her of procedural due process. We find this argument without merit. Petitioner's procedural right of review is defined by the statute. *Arnett v. Kennedy,* 416 U.S. 134, 163, 94 S.Ct. 1633, 1648, 40 L.Ed.2d 15 (1973). 5 U.S.C. § 7701(a)(1) applies only after jurisdiction has been properly invoked. No statutory right to a hearing to contest jurisdiction being provided, petitioner's argument must fail. Moreover, the conclusion of no jurisdiction, in any event, rested on facts which were not in dispute.

Petitioner also raises numerous other issues relating to the merits of her case. However, we cannot consider these matters since this appeal raises only the jurisdictional issue.

For the above reasons, we hold that the decision of the MSPB in denying jurisdiction was not "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 7703(c). The decision of the MSPB is, therefore, *affirmed.*

AFFIRMED.

---

**3.** 5 U.S.C. § 7701(a)(1) provides in part:
An applicant shall have the right—

(1) to a hearing for which a transcript will be kept;