826 F.2d 1073
 Unpublished disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Jacques O. BILODEAU, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 Appeal No. 87-3106
 United States Court of Appeals, Federal Circuit.
 July 20, 1987.
 
 DECISION
 Before RICH, SMITH and NIES, Circuit Judges.
 NIES, Circuit Judge.
 
 
 1
 Jacques O. Bilodeau seeks review of the final decision of the Merit Systems Protection Board, Case No. DS315H8610189, dismissing his appeal for lack of jurisdiction. We vacate the decision and remand this case for an evidentiary hearing on the issue of jurisdiction and for an opinion fully discussing the contentions of the parties.
 
 OPINION
 
 2
 On December 21, 1984, Bilodeau tendered his resignation from the Navy having completed a mandatory one-year probationary period. In a letter of appointment, dated January 23, 1985, the American Battle Monuments Commission (ABMC) offered Bilodeau the position of Assistant Superintendent Trainee at the American Cemetery in the Netherlands, which he accepted. The ABMC notified Bilodeau that he would be separated for unsatisfactory performance effective January 24, 1986. To accommodate Bilodeau the ABMC changed his separation date to January 31, 1986. The ABMC treated Bilodeau's removal as one involving a probationary employee removed during a one-year probationary period.
 
 
 3
 Bilodeau contends that he was a non-probationary employee entitled to appeal his separation because he had completed a probationary period with the Navy and was appointed to the ABMC by transfer without a break in service. See 5 U.S.C. Sec. 7511 (1982). He acknowledges his December 21, 1984 resignation from the Navy but alleges that the Navy had agreed not to accept it until he came on board with the ABMC. Alternatively, Bilodeau asserts that no probationary period was in fact required, but only a training period for promotion. Finally, he argues that the effective date of his appointment was February 1, 1985, not February 4, 1985 as the ABMC asserts, and if a new probationary period was required, it began on that date and he completed it by serving until January 31, 1986.
 
 
 4
 Various documents are of record including Bilodeau's letter of appointment, having an effective date of February 1, 1985. On the other hand, other documents show Bilodeau's appointment to have occurred on February 4, 1985. The letter of appointment explained that whether Bilodeau would be hired as a GS-5, step 1 or 10 depended upon whether his SF-50 form showed he was 'eligible for continuous service.' There is no dispute that Bilodeau was compensated at the higher rate. The SF-50 form listed the action as a 'transfer,' and a February 5, 1985 letter from LTC Pugh of the ABMC uses that term. Leave and Earnings statements from the Navy were issued to Bilodeau after his purported resignation date.
 
 
 5
 The presiding official dismissed Bilodeau's appeal for lack of jurisdiction without holding an evidentiary hearing. Rather, the presiding official weighed the evidence submitted by both parties, and resolved conflicting allegations and found facts based on those submissions in reaching her conclusion that Bilodeau had failed to sustain his burden of showing that the board had jurisdiction over his appeal. The government admits that the presiding official erred in holding that even if Bilodeau was transferred, the probationary period would have had to have been completed.
 
 
 6
 No statutory authority requires the MSPB to hold a hearing on the threshold issue of jurisdiction. See Manning v. Merit Sys. Protection Bd., 742 F.2d 1424, 1427 (Fed. Cir. 1984); Rose v. Department of Health and Human Servs., 721 F.2d 355, 357 (Fed. Cir. 1983). 5 U.S.C. Sec. 7701(a) (1982) provides for a hearing on the merits of an action, but only after the board's jurisdiction has been properly invoked. Id., 742 F.2d at 1427-28; Rose, 721 F.2d at 357. However, as this court held in Manning:
 
 
 7
 [C]ases may arise where the MSPB should hold an evidentiary hearing on jurisdiction. For example, it would be appropriate for the MSPB to honor a request for hearing where a petitioner's allegations raise non-frivolous issues of fact relating to jurisdiction which cannot be resolved simply on submissions of documentary evidence.
 
 
 8
 742 F.2d at 1428. See also Dumas v. Merit Sys. Protection Bd., 789 F.2d 892, 894 (Fed. Cir. 1986); Stokes v. Federal Aviation Admin., 761 F.2d 682, 685-86 (Fed. Cir. 1985); Burgess v. Merit Sys. Protection Bd., 758 F.2d 641, 643 (Fed. Cir. 1985).
 
 
 9
 It is unclear from the record in this case--and the parties were unable to provide clarification at oral argument--why the hearing tentatively set was not held. By an order dated April 10, 1986, the presiding official had stated:
 
 
 10
 The information received thus far from the agency does not show that [Bilodeau] was required to serve another probationary period. Accordingly, the agency is afforded an opportunity to show cause why the Board should not accept jurisdiction over the action appealed . . ..
 
 
 11
 In the event the agency comes forward with sufficient information to warrant the holding of a hearing to determine jurisdiction, such hearing will be held on or about May 15, 1986, in Margraten, Holland, at a location to be determined by the agency.
 
 
 12
 It appears from the show cause order that the record indicated that the board had jurisdiction unless the agency submitted sufficient evidence to hold otherwise, in which case the board was prepared to hold a hearing on the issue. In addition Bilodeau specifically requested a hearing on May 2, 1986. Nevertheless, the presiding official decided the jurisdiction issue by decision dated May 9, 1986 without a hearing. That was improper. The documentary evidence is not self-explanatory. Indeed, the documents are inconsistent or ambiguous and require explanation by live witnesses. Although the government attempted to deal with some of the inconsistencies by affidavit, e.g. of John W. Donaldson, we note his affidavit is little more than a series of conclusory statements. Further, the statement by the presiding official that although it appeared the agency 'made several mistakes in the hiring and firing of [Bilodeau], none . . . were prejudicial to [his] rights' is too cryptic to review. Consequently, the board's decision is vacated and the case is remanded to the board with the instruction to conduct a hearing on the issue of its jurisdiction and to render a full opinion.