829 F.2d 43
 Unpublished disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Joseph SIEDLECKI, Petitioner,
v.
DEPARTMENT OF TRANSPORTATION, Respondent.
 Appeal No. 87-3143.
 United States Court of Appeals, Federal Circuit.
 Aug. 19, 1987.
 
 Before DAVIS, NEWMAN and ARCHER, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 The decisions of the Merit Systems Protection Board (MSPB or Board), MSPB Docket No. AT03538610358, dismissing petitioner's appeal for lack of MSPB jurisdiction, are affirmed.
 
 OPINION
 
 2
 Petitioner was an air traffic controller with the Federal Aviation Administration (FAA) of respondent Department of Transportation. In February 1985 he voluntarily resigned from that position. In September 1985, and later, he applied to the FAA for reemployment. The FAA considered the matter but decided not to rehire him, apparently on the basis of the agency's view of his conduct or performance during his prior employment with FAA. Siedlecki appealed to the MSPB, arguing that the agency had made a negative suitability finding as to him, and he could therefore appeal to the Board on the ground that that alleged "suitability finding" was incorrect or improper. The MSPB administrative judge determined that, on the facts petitioner alleges, the MSPB had no jurisdiction at all. Accordingly the appeal was dismissed on that basis. The full Board declined review.
 
 
 3
 The Board's decision was correct. It is firmly settled that the MSPB's appellate jurisdiction is confined to those agency actions specifically defined by statute, rule, or regulation. Here, such jurisdiction was not provided by any statute, rule, or regulation. Petitioner argues that he can appeal a non-suitability determination, but the regulation plainly limits such an appeal to a determination made by the Office of Personnel Management (OPM). 5 C.F.R. 731.401(a). In this instance, OPM did not participate at all and did not delegate its authority to the FAA; FAA simply decided, wholly on its own (as it had a right to do), not to reemploy petitioner. For that action by a potential employing agency, acting alone and refusing to hire an applicant, no appeal to the MSPB has been provided, and the Board clearly had no jurisdiction of petitioner's appeal. He complains that he was not given an evidentiary hearing on his claim that MSPB jurisdiction existed, but there is no right to a hearing on the issue of the Board's jurisdiction. Rose v. Department of Health and Human Services, 721 F.2d 355, 357 (Fed.Cir.1983).