878 F.2d 1446
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Eric R. SAWDEY, Petitioner,
v.
DEPARTMENT OF COMMERCE, Respondent.
 No. 89-3070.
 United States Court of Appeals, Federal Circuit.
 June 8, 1989.
 
 Before MARKEY, Chief Judge, and COWEN and BENNETT, Senior Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Eric R. Sawdey (Sawdey) seeks review of the final decision of the Merit Systems Protection Board (MSPB), Docket No. CH34438810465, dismissing his appeal for lack of jurisdiction. We affirm.
 
 OPINION
 
 2
 Mr. Sawdey does not dispute the fact that he was a probationary employee as found by the MSPB. Consequently, it is well established that the MSPB had no jurisdiction to review his performance rating or his contention that his resignation was involuntary. Mastriano v. Federal Aviation Admin., 714 F.2d 1152 (Fed.Cir.1983).
 
 
 3
 His contention that he was wrongfully denied a hearing by the MSPB is without merit. The right to a statutory hearing as provided in 5 U.S.C. Sec. 7701(a)(1), applies only where the MSPB has jurisdiction, and there is no statutory right to a hearing to contest jurisdiction. Rose v. Department of Health and Human Servs., 721 F.2d 355 (Fed.Cir.1983).
 
 
 4
 The only right of appeal to the MSPB by probationary employees is contained in 5 C.F.R. Sec. 315.806, which permits appeals by probationary employees where it is alleged that an agency action resulted from discrimination based upon marital status or "partisan political reasons." Mr. Sawdey attempted to bring himself within this exception by claiming that he was discriminated against because of partisan political reasons in that he was "a zealous advocate * * * and strong supporter, of the proper conduct of governmental affairs--and thus have exhibited partisan political beliefs." This contention must also be rejected. As this Court has held, "partisan political reasons" means "discrimination based on affiliation with any political party or candidate." Mastriano v. Federal Aviation Admin., 714 F.2d at 1155-56.
 
 
 5
 We have carefully reviewed the record, including the materials submitted with Mr. Sawdey's reply brief filed May 22, 1989, and find that he has failed to establish any basis for reversal of the MSPB decision. See 5 U.S.C. Sec. 7703(c) (1982); Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984).