47 F.3d 1184
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Paul F. HOSMAN, Petitioner,
v.
DEPARTMENT OF AGRICULTURE, Respondent.
 No. 94-3595.
 United States Court of Appeals, Federal Circuit.
 Jan. 26, 1995.
 
 Before PLAGER, Circuit Judge, COWEN, Senior Circuit Judge, and RADER, Circuit Judge.
 PER CURIAM.
 
 
 1
 Petitioner Paul F. Hosman seeks review of the decision of the Merit Systems Protection Board (MSPB or Board) in Docket No. DC-1221-94-0262-W-1, which dismissed his Individual Right of Action (IRA) appeal for lack of jurisdiction. The April 18, 1994 initial decision of the Administrative Judge became the final decision of the Board when it denied review on August 4, 1994. In his appeal Mr. Hosman alleged that the National Agricultural Library (NAL) had suspended him for two days, failed to promote him, and reduced his duties and responsibilities in reprisal for his whistleblowing activities.
 
 
 2
 Mr. Hosman first sought corrective action from the Office of Special Counsel (OSC), which informed him that it was terminating the investigation of his complaint. Thereafter, the OSC denied his motion for reconsideration upon a finding that he had not engaged in whistleblowing activities as defined in 5 U.S.C. Sec. 2302(b)(8) (1988 & Supp. V 1994). Mr. Hosman then filed a timely appeal to the MSPB asserting, as he had in the complaint to the OSC, that NAL had taken reprisal action against him for the same reasons.
 
 
 3
 The petitioner bears the burden of proof on the issue of jurisdiction and there is no statutory authority requiring the MSPB to hold a hearing on the threshold issue of jurisdiction. See Rose v. Department of Health & Human Servs., 721 F.2d 355, 357 (Fed.Cir.1983). In order to obtain a hearing on the jurisdictional issue, it was incumbent upon petitioner to raise nonfrivolous issues of fact relating to jurisdiction, which cannot be resolved on the basis of documentary evidence submitted by the parties, and which, if proven, would be sufficient to support a prima facie case of his whistleblowing activities. See Dumas v. Merit Sys. Protection Bd., 789 F.2d 892, 894 (Fed.Cir.1986); Manning v. Merit Sys. Protection Bd., 742 F.2d 1424, 1428 (Fed.Cir.1984).
 
 
 4
 After reviewing and considering the record in this case, we agree with the Board's conclusion that Mr. Hosman failed to raise nonfrivolous issues of fact relating to the jurisdictional questions. Therefore, we affirm the decision of the MSPB on the basis of the Administrative Judge's opinion.