Caretha Y. BROWN–GRIFFIN,
Petitioner,

v.

MERIT SYSTEMS PROTECTION
BOARD, Respondent.

No. 04–3177.

United States Court of Appeals,
Federal Circuit.

Nov. 5, 2004.

Before MAYER, Chief Judge,
PLAGER, Senior Circuit Judge, and
PROST, Circuit Judge.

PER CURIAM.

Caretha Y. Brown–Griffin appeals the decision of the Merit Systems Protection Board dismissing her appeal for lack of jurisdiction. *Brown–Griffin v. Dep't of the Air Force*, AT3443030385–I–1 (M.S.P.B. Mar. 31, 2003). We *affirm.*

We must affirm the final decision of the board unless we conclude that it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law. 5 U.S.C. § 7703(c). Whether the board has jurisdiction to adjudicate an appeal is a question of law that we review de novo. *Herman v. Dep't of Justice*, 193 F.3d 1375, 1378 (Fed.Cir.1999).

The Air Force's ("agency's") failure to select an applicant for a vacant position is generally not appealable to the board. *See Ellison v. Merit Sys. Prot. Bd.*, 7 F.3d 1031, 1034 (Fed.Cir.1993). Claims of unlawful conduct in the selection process ordinarily must be brought in other forums. *See, e.g.,* 5 C.F.R. § 300.104(b) (authorizing an applicant to appeal the rejection of

employment application to the Office of Personnel Management ("OPM") or the employing agency). The board has limited statutory jurisdiction over agency actions. *See, e.g., id.* § 1201.3(a)(19) (conferring jurisdiction upon the board over certain employment practices administered by OPM). For the conduct complained of in this case to be appealable to the board, it would have to constitute an employment practice within the meaning of 5 C.F.R. § 300.104(a), and OPM would have to be involved in the administration of that practice. *Prewitt v. Merit Sys. Prot. Bd.*, 133 F.3d 885, 887 (Fed.Cir.1998). If Brown–Griffin presents no appealable action, the board will also lack jurisdiction over her harmful procedural error claim. *See* 5 U.S.C. § 7701(c)(2)(A). While there is no statutory authority requiring the board to hold a hearing on the threshold issue of jurisdiction, *see Rose v. Dep't of Health & Human Servs.*, 721 F.2d 355, 357 (Fed.Cir. 1983), the board may hold an evidentiary hearing if Brown–Griffin raises non-frivolous issues of fact relating to jurisdiction. *See Manning v. Merit Sys. Prot. Bd.*, 742 F.2d 1424, 1428 (Fed.Cir.1984).

Brown–Griffin alleges that the agency impermissibly failed to select her for several vacancies for which she applied. Because OPM was not involved in the agency's selection process, there is no jurisdiction under either 5 C.F.R. § 300.104 or § 1201.3(a)(19). Therefore, Brown–Griffin presents no appealable action, and the board lacks jurisdiction over her harmful procedural error claim. Finally, because Brown–Griffin raises no non-frivolous issues of fact relating to jurisdiction, the board need not grant a jurisdictional hearing.