**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

MICHAEL J. JOHNEN,
*Petitioner*,

v.

U.S. MERIT SYSTEMS
PROTECTION BOARD; UNITED
STATES DEPARTMENT OF THE
ARMY,

*Respondents.*

No. 16-73427

MSPB No.
SF-1221-14-0338-W-2

OPINION

On Petition for Review of an Order of the
Merits Systems Protection Board

Argued and Submitted December 8, 2017
San Francisco, California

Filed February 26, 2018

Before: Susan P. Graber and N. Randy Smith, Circuit
Judges, and Michael H. Simon,[*] District Judge.

Opinion by Judge Graber

---

[*] The Honorable Michael H. Simon, United States District Judge for
the District of Oregon, sitting by designation.

## SUMMARY[**]

### Merit Systems Protection Board

The panel dismissed a petition for review as to the United States Merit Systems Protection Board; and denied in part, granted in part, and remanded the petition for review as to the United States Department of the Army in a case brought by a former civilian employee at Fort Hunter Liggett, a military base in California alleging that the Army terminated him and excluded him from his work site because he had made complaints that were protected by the Whistleblower Protection Act of 1989.

The Board affirmed the administrative law judge's finding that the petitioner failed to make a prima facie case that his complaint to the Department of Defense Inspector General was a contributing factor in the Army's decision to terminate him and exclude him from a work site.

The panel held that the Army was the only proper respondent in this case where petitioner brought a "mixed case" by challenging both jurisdictional or procedural matters *and* the merits of an adverse personnel action. The panel further held that because petitioner was seeking review of the Board's decision on the merits of his termination and exclusion, the Board was not the proper respondent; and only the agency that took the action – the Army – was properly "the" respondent.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

The panel also held that the petitioner received due process. The panel rejected petitioner's argument that the Board violated his due process rights by deciding his appeal when only two Board members, instead of the usual three, held office.

Finally, the panel held that the Board's decision on the merits was supported by substantial evidence and was procedurally proper.

In a separate memorandum disposition, the panel granted the petition in part and remanded the case for consideration of an additional issue.

## COUNSEL

Wendy Musell (argued), Stewart and Musell LLP, Emeryville, California, for Petitioner.

Jimmy S. McBirney (argued), Trial Attorney; Allison Kidd-Miller, Assistant Director; Robert E. Kirschman Jr., Director; Chad A. Readler, Acting Assistant Attorney General; Civil Division, United States Department of Justice, Washington, D.C.; for Respondent Department of the Army.

Stephen Fung (argued), Attorney; Jeffrey A. Gauger, Reviewing Attorney; Katherine M. Smith, Deputy General Counsel; Bryan G. Polisuk, General Counsel; Office of the General Counsel, Merit Systems Protection Board, Washington, D.C.; for Respondents.

Lisa Powell (argued), United States Office of Special Counsel, Oakland, California; Malvina Winston, Attorney;

Louis Lopez, Associate Special Counsel; Carolyn N. Lerner, Special Counsel; United States Office of Special Counsel, Washington, D.C.; for Amicus Curiae United States Office of Special Counsel.

**OPINION**

GRABER, Circuit Judge:

Petitioner Michael Johnen alleges that the United States Department of the Army terminated him and excluded him from his work site because he had made complaints that are protected under the Whistleblower Protection Act of 1989 ("Act"). He seeks review of an adverse decision of the Merit Systems Protection Board. In this opinion, we address three issues: (1) whether the Board is a proper respondent; (2) whether the Board deprived Petitioner of due process by issuing a two-person decision; and (3) whether the Board's ruling on the merits—that Petitioner failed to make a prima facie case that his complaint to the Department of Defense Inspector General ("DODIG") was a contributing factor in the Army's decision to terminate him and exclude him from a work site—is supported by substantial evidence and free of procedural error. We hold: (1) the Army is the only proper respondent; (2) Petitioner received due process; and (3) the Board's decision on the merits is supported by substantial evidence and is procedurally proper.[1]

---

[1] In a separate memorandum disposition, filed this date, we grant the petition in part and remand the case for consideration of an additional issue.

FACTUAL AND PROCEDURAL BACKGROUND

Beginning in 2008, Petitioner worked as a civilian Supervisory Engineering Technician for the U.S. Army Installation Management Command, Directorate of Public Works, at Fort Hunter Liggett, a military base in California. On October 26, 2012, he filed a complaint with DODIG. As relevant here, Petitioner alleged that he had been the subject of an investigation during which Army employees had made false statements about him. He further alleged in his DODIG complaint that he had encountered nepotism within the Army. The army terminated Petitioner's employment on August 21, 2013, purportedly because the Directorate of Public Works was overstaffed; two days later, he was excluded from the site for 180 days because of the termination.

Shortly thereafter, Petitioner filed a complaint with the Office of Special Counsel, alleging as relevant here that his termination and exclusion from his work site were retaliation for his DODIG complaint, a form of whistleblowing. After a hearing, an administrative judge denied Petitioner's request for corrective action. On the merits, the administrative judge found that the DODIG complaint did not contribute either to the Army's decision to terminate Petitioner or to its decision to exclude him from the site. Petitioner appealed that decision to the Board, which affirmed. Petitioner filed a timely petition for review with this court, naming both the Army and the Board as respondents.

## DISCUSSION

A. *The Board as a Respondent*

We first consider whether Petitioner properly named both the Board and the Army as respondents. Title 5 U.S.C. § 7703(a)(2) provides:

> The Board shall be named respondent in any proceeding brought pursuant to this subsection, *unless* the employee . . . seeks review of a final order or decision *on the merits on the underlying personnel action* . . . , in which case the agency responsible for taking the personnel action shall be *the* respondent.

(Emphases added.) Petitioner brings procedural and jurisdictional challenges, but he also disputes the Board's determination on the merits of the underlying personnel action. We have not yet considered who is the proper respondent in a "mixed" case—that is, one in which the employee challenges both jurisdictional or procedural matters *and* the merits of an adverse personnel action.

Congress clearly intended for only one party to be "the" respondent in any given petition to review a Board decision. Moreover, the text following the word "unless" clearly makes the pivot point an employee's challenge to the merits of a personnel decision. Here, because Petitioner is seeking review of the Board's decision on the merits of his termination and exclusion, the Board is not the proper respondent. Only the agency that took the action—here, the Army—is properly "the" respondent.

Our conclusion on that issue accords with the Federal Circuit's holding that the employing agency is the proper respondent when a petition for review involves both jurisdictional and merits issues.[2] *Amin v. Merit Sys. Prot. Bd.*, 951 F.2d 1247, 1252 (Fed. Cir. 1991). We are persuaded by the Federal Circuit's reasoning. A fundamental purpose of the Civil Service Reform Act of 1978, Pub. L. No. 95-454, 92 Stat. 1111, was to transfer adjudicatory authority from the old Civil Service Commission to the Board. *Amin*, 951 F.2d at 1251–52. If the Board had to serve as the respondent in a case in which the merits of an underlying personnel action were at issue, the Board "would be placed in a position adversarial to employees whose rights it was established to adjudicate," thus undermining the Board's role as a neutral adjudicatory body. *Id.* at 1252; *accord Spruill v. Merit Sys. Prot. Bd.*, 978 F.2d 679, 686 (Fed. Cir. 1992).

We hold that the Army is the only proper respondent here. Accordingly, we dismiss the petition with respect to the Board.

B.  *Two-person Decision*

Petitioner next argues that the Board violated his due process rights by deciding his appeal when only two Board members, instead of the usual three, held office; there was a vacancy on the Board at the time of the relevant decision. We review that legal question de novo. *Gilbert v. Nat'l Transp. Safety Bd.*, 80 F.3d 364, 367 (9th Cir. 1996).

---

[2] For many years, the Federal Circuit had sole jurisdiction to review Board decisions. Whistleblower Protection Enhancement Act of 2012, Pub. L. No. 112-199, 126 Stat. 1465; *Daniels v. Merit Sys. Prot. Bd.*, 832 F.3d 1049, 1054 (9th Cir. 2016), *cert. denied*, 137 S. Ct. 1242 (2017).

Relevant statutory authority states that the "Board is composed of 3 members." 5 U.S.C. § 1201. But the statute also suggests that the Board can function without all three members. *See id.* § 1203 ("[W]hen the offices of Chairman and Vice Chairman are vacant, the remaining Board member shall perform the functions vested in the Chairman."). Applicable regulations interpreting those statutory provisions also contemplate action by a Board with fewer than three members. *See* 5 C.F.R. §§ 1200.2(b) ("If the office of the Chairman is vacant . . . , then the Vice Chairman performs the Chairman's duties."), 1200.3(e) ("This section applies only when at least two Board members are in office."). Petitioner has pointed to no legal authority suggesting that a two-member Board may not act. For those reasons, the Board's decision stands despite the vacancy.

C. *Merits as to Termination and Exclusion*

Finally, we consider the merits of the decision with respect to the DODIG complaint. We must set aside the Board's decision on the merits if it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). We also adopt the Federal Circuit's standard of review with respect to credibility determinations, to which that court gives great deference. *Briley v. Nat'l Archives & Records Admin.*, 236 F.3d 1373, 1377 (Fed. Cir. 2001).

After exhausting remedies before the Office of Special Counsel, an employee who seeks further review must make "non-frivolous allegations that (1) he engaged in whistleblowing activity by making a protected disclosure

under 5 U.S.C. § 2302(b)(8), and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a)." *Daniels v. Merit Sys. Prot. Bd.*, 832 F.3d 1049, 1051 (9th Cir. 2016) (internal quotation marks omitted), *cert. denied*, 137 S. Ct. 1242 (2017). An employee may establish a prima facie case by circumstantial, as well as direct, evidence. 5 U.S.C. § 1221(e)(1); *Whitmore v. Dep't of Labor*, 680 F.3d 1353, 1367 (Fed. Cir. 2012). If an employee has established a prima facie case, an agency may "demonstrate[] by clear and convincing evidence that it would have taken the same personnel action in the absence of such disclosure." 5 U.S.C. § 1221(e)(2); *see Kahn v. Dep't of Justice*, 618 F.3d 1306, 1316 (Fed. Cir. 2010) (declining to proceed to the clear-and-convincing-evidence test because the petitioner had not established a prima facie case).

Here, it is undisputed that the DODIG complaint was a protected disclosure. And the termination and exclusion were personnel actions. The key question was whether there was a relationship between the complaint and the personnel actions, more specifically, whether the complaint was a "contributing factor" to the personnel actions. 5 U.S.C. § 1221(e)(1).

Substantial evidence supports the Board's determination that the DODIG complaint did not motivate the Army's decision to terminate and exclude Petitioner. The Board relied on the administrative judge's finding that the two decision-makers did not know about Petitioner's DODIG complaint when they terminated and excluded Petitioner. The Board also relied on the finding that the decision-makers lacked constructive knowledge, in that no one who was aware of the DODIG complaint influenced the decision-makers.

Nor was the timing of the termination and exclusion close enough to the time when the DODIG complaint was filed so as to imply a connection. Finally, the Board relied on other factors, including the Army officials' lack of a retaliatory motive and the administrative judge's credibility conclusions. The administrative judge found the Army's witnesses to be "highly credible, noting that each clearly and concisely answered the questions posed to them," whereas Petitioner testified to "unsupported assumptions and engage[d] in unwarranted speculation."

Petitioner argues that the Board ignored certain items of circumstantial evidence that, he claims, show that the decision-makers did know about his DODIG complaint. But it is evident from the Board's lengthy and detailed opinion that the Board considered all the evidence and simply found it wanting.

**Petition DISMISSED as to the United States Merit Systems Protection Board; as to the United States Department of the Army, petition DENIED in part, GRANTED in part, and REMANDED.** The parties shall bear their own costs on appeal.