

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KATHRYN A. FLYNN, | No.    17-70617 |
| Petitioner, | MSPB No.<br>SF-1221-14-0620-W-1 |
| v. | |
| MERIT SYSTEMS PROTECTION BOARD and UNITED STATES DEPARTMENT OF THE ARMY, | MEMORANDUM* |
| Respondents. | |

On Petition for Review of an Order of the
Merits Systems Protection Board

Submitted January 7, 2019**

Before: GOODWIN, LEAVY, and SILVERMAN, Circuit Judges.

Dr. Kathryn A. Flynn, proceeding pro se, petitions for review of the Merit

Systems Protection Board's ("MSPB") final order in her action alleging that the

Department of the Army ("the agency") took disciplinary action and ultimately

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

failed to renew her employment in violation of the Whistleblower Protection Act, 5 U.S.C. § 2302(b)(8). We have jurisdiction under 5 U.S.C. § 7703(b)(1)(B). We review de novo questions of the MSPB's jurisdiction, *Daniels v. Merit Sys. Prot. Bd.*, 832 F.3d 1049, 1054 (9th Cir. 2016), and will set aside the MSPB's actions, findings, or conclusions only if they are "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence," 5 U.S.C. § 7703(c). We affirm.

To the extent that Dr. Flynn's claims are based on personnel actions allegedly taken because she filed an Equal Employment Opportunity complaint, the MSPB properly concluded that it lacked jurisdiction to consider the claims. *See* 5 U.S.C. § 1221(a); *Daniels*, 832 F.3d at 1051 (MSPB jurisdiction over an individual right of action ("IRA") appeal requires non-frivolous allegations of whistleblower disclosures). Moreover, Dr. Flynn did not raise this argument before the Office of Special Counsel ("OSC") and therefore failed to exhaust it. *See id.* at 1051 (MSPB jurisdiction over an IRA appeal requires that the appellant have exhausted administrative remedies before the OSC).

Substantial evidence supports the MSPB's determination that the agency proved by "clear and convincing evidence that it would have taken the same

personnel action in the absence of" the protected disclosures. 5 U.S.C.

§ 1221(e)(1); *see Duggan v. Dep't of Defense*, 883 F.3d 842, 846-47 (9th Cir.

2018) (adopting the Federal Circuit's three-factor test, as set out in *Carr v. Social*

*Security Administration*, 185 F.3d 1318, 1323 (Fed. Cir. 1999), for determining

whether the agency has carried this burden).

Dr. Flynn has not demonstrated an abuse of discretion by the administrative

judge in denying any of her discovery requests or requests to compel depositions.

*See Duggan*, 883 F.3d. at 848 (standard of review).

The record does not support Dr. Flynn's contention that the administrative

judge was biased against her.

The MSPB's motion to dismiss the MSPB as a party to this appeal (Dkt. No.

10) is GRANTED. *See Johnen v. U.S. Merits Sys. Prot. Bd.*, 882 F.3d 1171, 1174

(9th Cir. 2018) (("[B]ecause Petitioner is seeking review of the Board's decision

on the merits of his termination and exclusion, the [MSPB] is not the proper

respondent. Only the agency that took the action . . . is properly [the]

respondent.").

Maurice M. Carter's motion for leave to file a brief as amicus curiae (Dkt.

No. 34) is DENIED.

**AFFIRMED.**