NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

SEP 18 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARIO R. VALENZUELA,

Petitioner,

v.

MERIT SYSTEMS PROTECTION
BOARD,

Respondent.

No. 23-1751

Merit Systems Protection Board

MEMORANDUM[*]

On Petition for Review of an Order of the
Merit Systems Protection Board

Submitted September 13, 2024[**]
Pasadena, California

Before: SCHROEDER, R. NELSON, and MILLER, Circuit Judges.

Mario Valenzuela alleges that his former employer, U.S. Customs and Border

Protection (CBP), violated the Whistleblower Protection Act by retaliating against

him for disclosing a defect in an alert system. After exhausting his administrative

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

remedies, Valenzuela filed an Individual Right of Action with the Merit Systems Protection Board. The Board dismissed his appeal for lack of jurisdiction, and Valenzuela now petitions for review of that decision. We review Valenzuela's petition de novo. *Daniels v. Merit Sys. Prot. Bd.*, 832 F.3d 1049, 1054 (9th Cir. 2016). We have jurisdiction under 5 U.S.C. § 7703(b)(1)(B), and we deny the petition.

To invoke the Board's jurisdiction, Valenzuela needed to make "non-frivolous allegations" that (1) he made a protected disclosure, and (2) the disclosure was a contributing factor in his employer's decision to take or fail to take an enumerated personnel action. *Daniels*, 832 F.3d at 1051 (quotation omitted); *see also* 5 C.F.R. § 1201.4(s) (non-frivolous allegations are "more than conclusory," "plausible on [their] face," and "material to the legal issues in the appeal").[1] Valenzuela has not met his burden.

1. Valenzuela told his management that an allegedly defective alert system "could be harmful to national security and public safety." That disclosure—

---

[1] Valenzuela asserts that the administrative law judge (ALJ) effectively applied a summary judgment standard inconsistent with our precedent. *See Daniels*, 832 F.3d at 1051 ("[T]he standard for determining whether a petitioner has made a non-frivolous disclosure is analogous to the standard for reviewing a motion to dismiss."). But the ALJ expressly relied on Valenzuela's own submissions, which were uncontested. At no point did the ALJ "deny jurisdiction by crediting the agency's interpretation of the evidence." *Hessami v. Merit Sys. Prot. Bd.*, 979 F.3d 1362, 1369 (Fed. Cir. 2020).

for which he claims he suffered retaliation—is not protected under the Whistleblower Protection Act.

A protected disclosure is one that an employee "reasonably believes evidences (i) any violation of any law, rule, or regulation, or (ii) gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety." 5 U.S.C. § 2302(b)(8)(A). The disclosures must be specific and detailed—not vague and conclusory. *See Johnston v. Merit Sys. Prot. Bd.*, 518 F.3d 905, 910 (Fed. Cir. 2008).[2]

Valenzuela argues that he reasonably believed his disclosure revealed a substantial and specific danger to public health and safety. But Valenzuela did not detail any specific harm stemming from the alleged malfunction. And, assuming Valenzuela is right that the alarm reset itself without human intervention, any danger from that alleged defect is the kind of "negligible, remote, or ill-defined peril" that is not protected under the statute. *Chambers v. Dep't of Interior*, 515 F.3d 1362, 1369 (Fed. Cir. 2008) (quotation omitted).

Nor has Valenzuela alleged that his disclosure related to a violation of a "specific law, rule, or regulation." *Langer v. Dep't of Treasury*, 265 F.3d 1259, 1266

---

[2] Until 2012, the Federal Circuit had exclusive jurisdiction over most whistleblower reprisal cases. So we often look to that court's case law when resolving petitions for review of Board decisions. *See, e.g.*, *Johnen v. U.S. Merit Sys. Prot. Bd.*, 882 F.3d 1171, 1174 & n.2 (9th Cir. 2018).

(Fed. Cir. 2001) (quotation omitted). He invokes what he calls the "CBP's safety and security protocol," but that argument is based on an email sent from his attorney to the agency, not "an agency statement of . . . future effect designed to implement, interpret, or prescribe law." 5 U.S.C. § 551(4).

Valenzuela also asserts that his disclosure identified an abuse of authority and gross mismanagement. He has not identified specific facts explaining why an alleged malfunction in the alarm satisfies that standard. That renders his argument "facially insufficient." *Johnston*, 518 F.3d at 910.

Because Valenzuela's disclosure is not protected, we need not address whether it contributed to an enumerated personnel action.

2. Valenzuela also argues that he is entitled to an evidentiary hearing. We have never held that employees are entitled to a hearing on whether they have properly invoked the Board's jurisdiction. *Cf. Dick v. Dep't of Veterans Affs.*, 290 F.3d 1356, 1362 (Fed. Cir. 2002) ("There simply is no right to a hearing on the threshold issue of jurisdiction."), *overruled on other grounds by Garcia v. Dep't of Homeland Sec.*, 437 F.3d 1322, 1343 (Fed. Cir. 2006) (en banc). Valenzuela also identifies no statute that gives him that right. Title 5 U.S.C. § 7701(a)(1) contemplates a hearing in some situations, but that provision applies only once the Board's jurisdiction has been established. *Rose v. Dep't of Health & Hum. Servs.*, 721 F.2d 355, 357 (Fed. Cir. 1983). And despite Valenzuela's concerns about due

process, "the Due Process Clause does not mandate a hearing where the statute does not require that one be afforded." *Staats v. U.S. Postal Serv.*, 99 F.3d 1120, 1124–25 (Fed. Cir. 1996).

**PETITION DENIED.**