NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 16 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LUPITA GALLEGOS,

Petitioner,

v.

UNITED STATES DEPARTMENT OF
COMMERCE,

Respondent.

No. 24-6323

Agency No. DE-1221-22-0304-W-1
Merit Systems Protection Board

MEMORANDUM*

On Petition for Review of an Order of the
Merit Systems Protection Board

Argued and Submitted September 18, 2025
Phoenix, Arizona

Before: COLLINS, MENDOZA, and DESAI, Circuit Judges.

Lupita Gallegos petitions for review of the Merit Systems Protection Board's

("Board") administrative decision denying her claim of wrongful termination from

the U.S. Census Bureau ("agency"). We have jurisdiction under 5 U.S.C.

§ 7703(b)(1)(B). We deny the petition.

1. The Board's decision must be set aside if it is "(1) arbitrary, capricious,

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." *Johnen v. U.S. Merit Sys. Prot. Bd.*, 882 F.3d 1171, 1175 (9th Cir. 2018) (quoting 5 U.S.C. § 7703(c)). Here, based on the three-factor test outlined in *Carr v. Social Security Administration*, 185 F.3d 1318, 1323 (Fed. Cir. 1999), we conclude that substantial evidence supports the Board's finding that the agency would have terminated Ms. Gallegos regardless of her protected disclosure. *See Duggan v. Dep't of Def.*, 883 F.3d 842, 846–47 (9th Cir. 2018).

First, the record supports the ALJ's conclusion that the agency terminated Ms. Gallegos because she repeatedly engaged in unprofessional conduct, despite warnings to cease such conduct, failed to recognize her own inappropriate actions, and continued to act in a manner that was inconsistent with professional workplace conduct. Second, the record supports the ALJ's explanation as to why Ms. Gallegos's arguments that her supervisors terminated her for a retaliatory purpose were unpersuasive. Third, the ALJ properly weighed the agency's failure to provide evidence about similarly situated non-whistleblowers. Ultimately, the ALJ reasonably concluded that, considering the record as a whole, the *Carr* factors supported Ms. Gallegos's termination. *See Duggan*, 883 F.3d at 847. Substantial evidence thus supports the ALJ's finding that Ms. Gallegos's termination was justified.

2.     We also hold that the ALJ's determinations regarding credibility and weight of hearsay evidence were not an abuse of discretion. *See Duggan*, 883 F.3d at 847–848 (reviewing evidentiary determinations for abuse of discretion).

First, the ALJ correctly applied the factors outlined in *Hillen v. Dep't of Army*, 35 M.S.P.R. 453, 458 (M.S.P.B. 1987), when considering credibility. The ALJ considered Ms. Gallegos's testimony and determined she was not "a particularly credible witness," and that her "unreasonable perceptions of her circumstances and her unfounded attribution of motivations to others" rendered her testimony on contested evidence unreliable. Further, the ALJ considered the credibility of Ms. Gallegos's coworkers. It noted the lack of recollection regarding certain facts but ultimately found that this was not indicative of untruthful testimony. The ALJ acted within her discretion. *See Johnen*, 882 F.3d at 1175 ("We also adopt the Federal Circuit's standard of review with respect to credibility determinations, to which that court gives great deference.") (citing *Briley v. Nat'l Archives & Recs. Admin.*, 236 F.3d 1373, 1377 (Fed. Cir. 2001)).

Second, there was no abuse of discretion where the ALJ credited hearsay over Ms. Gallegos's live testimony. *See Borninkhof v. Dep't of Just.*, 5 M.S.P.B 150, 156–57 (1981). On several key points, Ms. Gallegos's own testimony corroborated the contested hearsay evidence and, to that extent, its probative value therefore was not at issue. Specifically, Ms. Gallegos's own testimony confirms she provided DAPPS

access to an unauthorized employee, and was cleaning her desk during overtime hours. In the one key instance where Ms. Gallegos's own testimony did not corroborate the contested hearsay—Ms. Gallegos's interaction with her co-worker N.D.—the ALJ properly considered evidence supporting the hearsay's probative value. Accordingly, there was no abuse of discretion.

The petition is **DENIED.**